(No. 26566.—)

MARTHA HILBERG, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(C. A. REALTY COMPANY, INC., *et al.*, Defendants in Error.)

*Opinion filed May 13, 1942—Rehearing denied Sept. 17, 1942.*

JOSEPH A. RICKER, (G. A. BURESH, of counsel,) for plaintiff in error.

MCKENNA & HARRIS, (JAMES J. MCKENNA, and JAMES I. HOLICKY, of counsel,) for defendants in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

Charles Hilberg, husband of plaintiff in error, sustained an accidental injury arising out of and in the course of his employment April 27, 1937. Notice of accident and claim for compensation were duly made and an award entered, and January 27, 1938, a lump-sum settlement agreed upon, which said lump sum was paid February 2, 1938. Hilberg

died October 26, 1939, and it is claimed the death resulted from the accidental injury received April 27, 1937. November 4, 1939, plaintiff in error, widow of the deceased, filed her application for compensation on account of the death of her husband. The Industrial Commission confirmed the decision of the arbitrator dismissing the application and the circuit court of Cook county confirmed the action of the commission. A writ of error to the circuit court was allowed.

The law with respect to employees' compensation was amended in several respects by the act of July 24, 1939, including section 24, which makes provision for limitation within which time a proceeding may be brought for compensation under the statute. Under the laws prior to the amendment, section 24 of the Compensation act (Ill. Rev. Stat. 1937, chap. 48, par. 161) authorized the filing of a petition for compensation within one year after the date of *injury,* and in the case of death this was construed to mean within one year after the date of the death of such person caused by accidental means. (*Burke* v. *Industrial Com.* 368 Ill. 554.) The amendment of section 24 of the statute in 1939 changed the limitation within which to make application for compensation in case of death. After making provision for the giving of notice to the employer the section provides: "Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing; * * * Provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred; Provided, further, that if the accidental injury results in death within said year, application for compensation for death may be filed with the Industrial Commission within one year after the date of

death, but not thereafter." Ill. Rev. Stat. 1939, chap. 48, par. 161.

This act became effective July 24, 1939, the date of approval. (*Board of Education* v. *Morgan,* 316 Ill. 143; *People ex rel Kell* v. *Kramer,* 328 id. 512.) Hilberg died October 24, 1939. At the time the act was passed the injured man had received full settlement for his accidental injuries from his employer. At that time plaintiff in error had no claim of any kind, and might possibly never have a claim of any kind; she had no rights against the employer except the possibility that her husband would die as a result of the accident, in which event, under the construction given to the former act, an injury would occur to her at the date of his death, authorizing her to then make a claim for compensation.

The limitation of the act with respect to applying for compensation for accidental death was made more specific by the amendment of 1939. The provision "if the accidental injury results in death within *said year*" obviously refers to the year within which application for accidental injury may be made. It then further provides that if the death results within said year application may be made within one year after death. With this interpretation the legislative intent appears twofold,—first, that death from an accidental injury must occur within the year in which application must be made for compensation by the injured employee; and second, if death did occur within such time claim for compensation for such death might be filed within a year thereafter. It is possible under this law that claim for death compensation might be filed within two years after the date of the accident, because the injured man might live almost a year, and the act gives his dependent a year after his death in which to make such claim. This intention is made more specific by the last words of the amendment, in which it is said the application may be made "within one year after the date of death, but *not thereafter.*"

The amendment of section 24 was obviously for the purpose of making a specific time beyond which an employer would not be liable for death resulting from an accident, arising out of or in the course of employment. It required the death to occur within one year. It also protected the right of the dependents by providing they should have one year after the death within which to apply for compensation. The law was thus made certain instead of being uncertain, as it was before the amendment, in that under the construction given the former statute the death might occur more than a year after the accidental injury, and thus an employer, complying with all of the provisions of the law, would never have any certainty that the case was fully determined.

The law is well settled that provisions for limitation of actions are procedural in their nature, and in *Diamond T Motor Car Co.* v. *Industrial Com.* 378 Ill. 203, after a review of authorities, we held that section 24 as amended was of such a nature, and was not a substantive change of the law we should apply to causes of action arising only in the future, but did apply to all causes of action existing after the law became effective July 24, 1939. In view of this late pronouncement of this court it is unnecessary to further analyze the effect of such statute.

We are not unmindful of the provisions of section 32 of the Compensation act, which in substance provides that if any of the provisions of the act shall be repealed or adjudged invalid that the period intervening between the occurrence of the injury or death and such repeal, or adjudication of invalidity, *shall not be* computed as a part of the time limited by law for the commencement of any action relating to such death or injury. This section could only have application in case the death occurred before the enactment of the amendment, and the dependents, but for it, barred from further prosecuting a remedy existing theretofore.

The suggestion made by petitioner (plaintiff in error) that the Compensation act is contractual in its nature, and therefore any change in the limitation period of bringing an action would deprive the plaintiff in error of property without due process of law, is answered by the fact that at the time of the enactment of the statute she had no action, and that another person, *viz.*, her husband, was enjoying the compensation provided by the act. The amendment fixed the limitation for recovery in substantially the same manner as the statute on injuries (Ill. Rev. Stat. 1941, chap. 70,) which authorizes a recovery for death, but fixes the limitation at one year. Under that act, as originally enacted the place of death justifying the action was immaterial, but it was later amended so as to prohibit a cause of action unless the death occurred within the State.

Under such amendment it was held the change in the statute had the effect of arresting a pending judicial proceeding in a case already instituted, and prevented a recovery for the reason the plaintiff had no vested right when the action was instituted in the lower court, with the full knowledge that it was within the power of the legislature to take away the privilege granted by legislation. (*Wall* v. *Chesapeake and Ohio Railway Co.* 290 Ill. 227.) The legislature has the undoubted right to repeal all legislative acts which are not in the nature of a legislative grant. (*Smolen* v. *Industrial Com.* 324 Ill. 32; *Sharp* v. *Sharp,* 213 id. 332; *People ex rel. Eitel* v. *Lindheimer,* 371 id. 367.) It is our view that while the facts are not identical with those in *Diamond T Motor Car Co.* v. *Industrial Com. supra,* the principle is the same, and therefore the plaintiff in error had no right, under the circumstances of this case, to maintain her claim at the time it was made.

The order of the circuit court of Cook county is affirmed.

*Order affirmed.*