(No. 49375.)

ARNOLD ENGINEERING, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Dallas M. Noll, Appellee.)

*Opinion filed May 26, 1978.—Rehearing denied September 29, 1978.*

KLUCZYNSKI, J., took no part.

Burgeson, Laughlin, Cunningham & Smith, of Chicago (Richard D. Hannigan and Francis D. Morrissey, of counsel), for appellant.

Jason Gesmer, of Tuite, Morrissey, Gesmer & Finnegan, of Rockford (J. Michael Madda, Charles Wolff, and Sidney Z. Karasik, of Chicago, of counsel), for appellee.

Rooks, Pitts, Fullagar & Poust, of Chicago (Douglas F. Stevenson, Daniel P. Socha, Stephen J. Friedman, and William N. Krucks, of counsel), for *amici curiae* Illinois Manufacturers Association, Northwestern Steel & Wire Co., Standard Oil Co. (Indiana), International Harvester, Johns-Manville Corp., United States Steel Corp., Bethlehem Steel Corp., Sears, Roebuck & Co., Illinois Bell Telephone Co., Rockwell International, Casualty Insurance Co., Keystone Consolidated Industries, Inc., American Insurance Association, Commercial Union Assurance Companies, Anchor Hocking Corp., Employers Mutual Companies, State Farm Fire & Casualty Co., Alexsis Division of Alexander & Alexander, Chicago Mutual Liability Co., Commonwealth Edison Co., and Associated General Contractors of Illinois.

MR. JUSTICE MORAN delivered the opinion of the court:

The sole issue presented in this appeal is whether the amendment of section 6 of the Workmen's Compensation Act, effective July 1, 1975 (Ill. Rev. Stat. 1975, ch. 48, par. 138.6(c)(2)), which extends the statute of limitations from one to three years, is applicable to a claim which, without the amendment, would have been barred.

On October 24, 1972, claimant sustained a compensable injury to his left thumb. He received temporary compensation benefits from that date to November 20, 1972. On the date of the injury and on the date of the last compensation payment, section 6 of the Workmen's Compensation Act (the Act) provided that an application for adjustment of claim was to be filed with the Industrial Commission within one year of the date of the accident or

from the date of the last payment of compensation.

Claimant filed an application for adjustment of claim on June 30, 1975. At the hearing before the arbitrator, the employer moved to dismiss the application on the ground that it was not filed within one year of the employer's last payment of temporary compensation, as provided by section 6 of the Act in force in October and November of 1972. That motion was denied. The denial was affirmed by the Industrial Commission and later confirmed by the circuit court of McHenry County. The case comes to us on appeal as a matter of right pursuant to Rule 302(a). 58 Ill. 2d R. 302(a).

Claimant contends that where an amendment affects only the procedural aspects of the case, such as those altering the time for filing a claim, the amendment is applied retroactively, regardless of whether the action accrued before or after the effective date of the amendment or whether suit had been instituted or not. This court, however, has consistently held that a subsequent statutory amendment which extends the time for filing a cause of action or claim will not be applied retroactively to revive a cause of action or claim which had been previously barred. *Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423; *People v. Lansing* (1966), 35 Ill. 2d 247; *Hogan v. Bleeker* (1963), 29 Ill. 2d 181; *Carterville & Big Muddy Coal Co. v. Industrial Com.* (1922), 303 Ill. 152; *Board of Education v. Blodgett* (1895), 155 Ill. 441.

In *Blodgett,* an amendment which extended the time for filing an action was held inapplicable to actions which had been barred by the running of a previous statute of limitations. The court held the statutory defense, created by the expiration of the prior statute, a "vested right" which could not be destroyed by legislation.

In *Carterville & Big Muddy Coal Co.,* a case directly on point, the employee was injured on March 13, 1918. At that time, the Workmen's Compensation Act provided that

a claim for compensation was to be filed within six months of the date of the injury. The employee returned to work a few days after the accident, but did not file a claim within six months. An amendment, effective July 1, 1919, approximately 15 months after the employee returned to work, extended the period of time for filing a claim to 18 months from the date on which the employee returned to work. The employee's application for compensation was filed within the 18 months. Despite the employee's argument that the amendment applied retroactively because it was procedural in nature, the court held that his claim was extinguished after the six-month period had elapsed and could not be revived by subsequent legislation.

Claimant contends, however, that the above-cited cases have been overruled in principle, and that basic fairness requires that the rules of retroactivity be applied uniformly regardless of whether an amendment shortens or lengthens the limitation period. In support of his argument, claimant relies on a number of cases wherein amendments which shortened or lengthened the time, both for filing an action and for seeking review of a judgment, were applied retroactively irrespective of the time the action arose or the judgment was entered. *E.g., Orlicki v. McCarthy* (1954), 4 Ill. 2d 342; *Hilberg v. Industrial Com.* (1942), 380 Ill. 102; *Smolen v. Industrial Com.* (1926), 324 Ill. 32.

Close analysis of these cases, however, reveals no inconsistency with the principle prohibiting the revival of previously barred claims.

In *Smolen,* for example, where the amendment extending the time for review was applied retroactively, the employer's time for seeking modification of the award under the previous law had not expired prior to the date of the amendment. (See also *People v. Covington* (1970), 45 Ill. 2d 105, 107-08.) Here, in the converse situation, the claimant's time for filing a claim had lapsed prior to the

enactment of the amendment. These cases are not inconsistent with the rule prohibiting the revival of barred causes of action, but, rather, stand for the uniform proposition that no one, plaintiff or defendant, has a vested right in a statute of limitations prior to its lapse. Where a limitation period has not expired prior to amendment, the amendatory act controls all actions and remedies not previously barred.

The same rationale supports those cases in which the court retroactively applied amendments which shortened the limitation period. In most of these cases, however, the parties had a reasonable time, despite the amendment, in which to file their actions or claims. In *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, for example, an amendment to the Liquor Control Act (1949 Ill. Laws 816; Ill. Rev. Stat. 1949, ch. 43, par. 135) shortened, from five to two years, the period in which to file a cause of action. The plaintiff had almost two years to file his cause of action under the amended act but failed to do so. The court held that the amendment applied retroactively because it was procedural in nature, but it specifically noted that plaintiff was not prejudiced nor deprived of any right inasmuch as he had had ample time to file within the shortened period of limitation. The results reached in other cases cited by claimant are consistent with the *Orlicki* rationale. (*E.g., Board of Underwriters v. Industrial Com.* (1928), 332 Ill. 611, 615-16; *City of Chicago v. Industrial Com.* (1920), 292 Ill. 409, *overruled on other grounds in Vulcan Detinning Co. v. Industrial Com.* (1920), 295 Ill. 141, wherein the court held the claimant had an accrued right which was preserved under the provisions of the statutory construction act. See also *Carlin v. Peerless Gas Light Co.* (1918), 283 Ill. 142, 146.) The retroactive application of the shortened limitation period did not unfairly prejudice the party or deprive him of any recognizable right which had accrued under the previous statute. These cases are,

therefore, consistent with the rule against divestiture of a limitations defense which had accrued prior to the amendatory enactment.

Admittedly, there are cases where the retroactive application of a shortened limitation period effectively deprived the party of a statutory action or remedy which had accrued under the previous law and which had not been abolished by the subsequent amendment. (*E.g., Diamond T Motor Car Co. v. Industrial Com.* (1941), 378 Ill. 203; *Duquoin Township High School District No. 100 v. Industrial Com.* (1928), 329 Ill. 543.) The correctness of these holdings is extremely questionable in light of the imposing body of case law which suggests that an amendment will not be retroactively applied so as to terminate a cause of action unless the party has a reasonable amount of time after the amendment's effective date in which to file his action. (*E.g., Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 359; *Trustees of Schools v. Batdorf* (1955), 6 Ill. 2d 486, 493; *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 349; *Carlin v. Peerless Gas Light Co.* (1918), 283 Ill. 142, 143-44.) This issue, however, is not presently before the court.

Finally, we do not find the result reached in *Hilberg v. Industrial Com.* (1942), 380 Ill. 102, to be inconsistent with the foregoing.

In *Hilberg,* claimant sought compensation when her husband died as the result of an injury received in a work-related accident. Prior to her husband's death, the limitations statute was amended and provided that compensable deaths must occur within one year of the accident and all claims must be filed within one year after the death. (Under the prior statute, death did not have to occur within one year of the accident.) Claimant's husband died after the effective date of the amendment, and more than one year after the accident. The court held that the amended act controlled, and it affirmed the circuit court's

dismissal of the claimant's action. In reaching its decision, the court noted that, prior to the effective date of the amendment, claimant had no existing cause of action, only a mere expectancy. The retroactive application of the amendment, therefore, did not deprive claimant of any right or claim existing under the previous statute. Here, the employer's limitations defense accrued under the previous statute of limitations, prior to the effective date of the amendment.

As demonstrated by the above analysis, the cases regarding retroactivity have, in most instances, been uniform in result and are consistent with the cases prohibiting the revival of barred claims or actions.

However, claimant contends that the legislature can constitutionally revive barred statutorily created remedies (citing *Campbell v. Holt* (1885), 115 U.S. 620, 29 L. Ed. 483, 6 S. Ct. 209), and suggests that the amended act herein evinces a clear legislative intent to do so. In *Campbell,* the Supreme Court stated that no one has a vested right to rely upon the statute of limitations to defeat a valid and existing debt which had not been destroyed. The court held that a State legislature may, consistent with the requirements of the fourteenth amendment, repeal or extend the statute of limitations and divest a person of the limitations defense insofar as debts are concerned. In *Board of Education v. Blodgett,* however, this court declined to follow the majority's holding in *Campbell,* and held that, under the Illinois Constitution, it was a denial of due process to revive a previously barred cause of action.

Assuming, but not deciding, that the legislature can, in certain cases, constitutionally revive previously barred statutorily created remedies, such revival should not result unless the legislature expressly indicates that intention. (*People v. Lansing* (1966), 35 Ill. 2d 247, 250.) Contrary to the claimant's contention, we find nothing in the

language of section 6(c) to indicate an express intent on the part of the legislature to revive a claim which had been previously barred.

For the reasons stated herein, the judgment of the circuit court of McHenry County is reversed and the cause is remanded to the Industrial Commission with directions to dismiss claimant's application.

*Reversed and remanded,
with directions.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.