Albert S. RUIZ, Plaintiff,

v.

HARRIS CORPORATION, Defendant.

No. 79 C 3018.

United States District Court,
N. D. Illinois, E. D.

April 17, 1980.

Charles J. Reed, Reed, Scoby & Webster, Chicago, Ill., for plaintiff.

William Freivogel, Monica A. Carroll, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This case now comes before the Court on defendant Harris Corporation's (Harris) motion for summary judgment as to Count I of plaintiff Albert Ruiz's (Ruiz) complaint. Count I alleges that a machine manufactured by Harris, which injured Ruiz on February 28, 1979, was defective and unreasonably dangerous at the time of its design, manufacture and sale. This count is based upon the doctrine of strict liability in tort. For the reasons hereinafter stated, we grant Harris' motion.

## FACTS

The material facts with respect to Harris' motion for summary judgment are not in dispute. Ruiz was allegedly injured on February 28, 1979 by a paper cutting machine owned by Rapid Mounting & Finishing Company and allegedly manufactured by a corporate predecessor of Harris, the Harris-Seybold Company. Assuming for purposes of this motion that the machine which injured Ruiz was manufactured by a predecessor of Harris, it is undisputed that the machine was manufactured no later than 1941 and that Harris has neither sold nor serviced the machine during the 12 years preceding February 28, 1979. It is also undisputed that the machine has been owned by Rapid Mounting & Finishing Company for many years, with servicing of the machine being done by that company's employees.

## ANALYSIS

Based on these undisputed facts, Harris moves for summary judgment on the ground that Ruiz's cause of action in Count I is barred by Ill.Rev.Stat. ch. 83, § 22.2. That statute provides, in pertinent part:

(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of posses-sion to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

In opposition to Harris' motion, Ruiz raises three legal arguments. First, Ruiz contends that § 22.2 is in violation of Article IV, Section 13 of the Illinois Constitution of 1970 in that it makes an allegedly "arbitrary and unreasonable" distinction between the rights of users who buy products through middlemen and those who buy directly from the manufacturer and between the rights of manufacturers who utilize middlemen to distribute their products and those who sell directly to initial users. We do not agree.

Article IV, Section 13 provides:

The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination.

In the recent decision of *Anderson v. Wagner*, 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1979), *rehearing denied* (March 28, 1980), the Illinois Supreme Court has authoritatively construed this section of the Illinois constitution in the context of a challenge to Ill.Rev.Stat. ch. 83, § 22.1, the statute of limitations covering medical malpractice actions. In *Anderson*, the court stated that

[i]f there is a reasonable basis for differentiating between the class to which the law is applicable and the class to which it is not, the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation and control. Furthermore, if the classification bears a reasonable and proper relation to the purposes of the act and the evil it seeks to remedy, it does not violate the constitutional proscription on special or local laws.

At ——, 37 Ill.Dec. at 567, 402 N.E.2d at 569. *See also Illinois Polygraph Society v.*

*Pellicano,* 78 Ill.App.3d 340, 345, 33 Ill.Dec. 630, 634, 396 N.E.2d 1354, 1358 (1st Dist. 1979).

We have no difficulty concluding that there is a "sound and rational basis," *Anderson v. Wagner, supra,* 79 Ill.2d at 316, 37 Ill.Dec. at 568, 402 N.E.2d at 570, for the distinction which § 22.2(b) draws between the 12 and 10 year periods. As an initial matter, it must be understood that the maximum 12 year period is not automatically applicable in all cases where goods are not first sold to the initial user: rather, § 22.2(b) provides, in pertinent part,

> no ... action ... shall be commenced except ... within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, *whichever period expires earlier....*

(Emphasis added.)

■ The clear thrust of the statutory scheme is to reconcile two competing policy objectives. The first is to set a maximum time limit on the scope of a "seller's" exposure to actions based on the doctrine of strict liability in tort, while the second is to give *users* of the "seller's" product a uniform period of protection under this doctrine. This latter recognition that some products do not after the "first sale, lease or delivery of possession by a seller" come into immediate possession of a user, but are instead held by a middleman for a time before resale to the initial user, is hardly irrational or arbitrary. Rather, this statutory system legitimately endeavors, within limits, to afford an equal length of time to users of products after they come into the possession of the initial user for such users to be able to bring actions based on strict liability in tort.

■ Ruiz's second contention is that § 22.2 is unconstitutional as applied to him under the rationale of *Arnold Engineering, Inc. v. Industrial Commission,* 72 Ill.2d 161, 20 Ill.Dec. 573, 380 N.E.2d 782 (1978). Specifically, Ruiz contends that, under the logic of the *Arnold* decision, he is entitled to a

reasonable length of time after January 1, 1979, the effective date of § 22.2, to cease using Harris' defective machine before § 22.2 can validly extinguish his right to sue based on strict liability in tort.

In *Arnold, supra,* the Illinois Supreme Court held that the 1975 amendment of section 6 of the Illinois Workmen's Compensation Act so as to lengthen the statute of limitations from 1 year to 3 years could not, absent some express indication of legislative intent, be retroactively applied to revive a claim which, without the aid of the amendment, was time barred. In reaching this conclusion, the court discussed with approval a line of Illinois decisions which have held that an amendment to a statute of limitations which *shortens* the time within which suit may be brought will not be retroactively applied to extinguish a cause of action which arose prior to the amendment *unless* the party has had a reasonable amount of time to file his action. 72 Ill.2d at 165–66, 20 Ill.Dec. at 575, 380 N.E.2d at 784 (*citing Orlicki v. McCarthy,* 4 Ill.2d 342, 122 N.E.2d 513 (1954) and similar cases). The rationale of the *Arnold* decision has been applied to cases involving amendments to the Illinois statute of limitations for medical malpractice actions, where the newly effective amendment has shortened the time in which to bring an action. *See Anderson v. Wagner,* 61 Ill.App.3d 822, 825, 19 Ill.Dec. 190, 193, 378 N.E.2d 805, 808 (4th Dist. 1978), *aff'd,* 79 Ill.2d at –– – ––, 37 Ill.Dec. at 571, 402 N.E.2d at 573 (1979); *Cutsinger v. Cullinan,* 72 Ill.App.3d 527, 530, 29 Ill.Dec. 18, 20–21, 391 N.E.2d 177, 179–80 (2d Dist. 1979). Ruiz argues that, under the logic of these decisions, he is entitled to a reasonable time after § 22.2 became effective to cease use of Harris' defective machine before § 22.2 can validly be applied to cut off his rights to sue based on strict liability in tort.

Ruiz's reliance upon the principles announced in the *Arnold* decision is, however, unwarranted in the factual context of this case. Unlike cases where the plaintiff's cause of action has accrued prior to the effective date of a legislative amendment

shortening the limitations period, here Ruiz's cause of action in Count I based on strict liability in tort arose on February 28, 1979 at the time of his injury. This was two months *after* § 22.2 had become effective on January 1, 1979. Moreover, unlike *Arnold* where the court was concerned with retroactive changes in statutes of limitations, § 22.2 operates as an absolute bar to the purported cause of action, and not merely as a limitations provision. *See Skinner v. Anderson*, 38 Ill.2d 455, 458, 231 N.E.2d 588, 590 (1967). Under such circumstances, Ruiz had no vested right after January 1, 1979 in any as yet unaccrued cause of action based upon strict liability in tort. *Cf. Hilberg v. Industrial Commission*, 380 Ill. 102, 104–05, 43 N.E.2d 671, 672–73 (1942). Legislative elimination of Ruiz's unaccrued cause of action based on strict liability in tort does not render § 22.2 unconstitutional as applied to him.[1]

Finally, without citation of authority, Ruiz argues as a matter of Illinois law that § 22.2 should be interpreted strictly so as to be applicable only to products first sold after January 1, 1979. This interpretation, however, has no support in the language of the statute: nowhere in § 22.2 did the legislature define "product" so as to cover only those products manufactured after § 22.2's effective date. Nor does it appear that such an interpretation would implement the objectives sought to be accomplished by the enactment of P.A. 80–1367, of which § 22.2 was part. *See* Eldredge and Houlihan, "Limitation of Action: Strict Liability in Tort—The Legislature Has Intervened," 67 Ill.B.J. 214 (1978).

While no reported Illinois decision has yet construed § 22.2 with respect to this question, decisions analyzing Ill.Rev. Stat. ch. 83, § 22.1 are instructive. Section 22.1, like § 22.2, is devoid of any language indicating whether or not it was intended to cover cases of medical malpractice arising before its effective date. Though no court has considered the precise argument raised

---

1. Only one Illinois decision, not cited by Ruiz, arguably supports his contention with respect to the extension of the *Arnold* rationale to the facts of this case. In *Cutsinger v. Cullinan*, 72 Ill.App.3d 527, 29 Ill.Dec. 18, 391 N.E.2d 177 (2d Dist. 1979), the court considered whether the amendment to § 22.1, effective on September 21, 1976, which changed the period of repose for bringing a cause of action based on the type of medical malpractice alleged in that case from 10 years to 4 years, barred the plaintiff's suit based on negligent performance of an operation in 1969. The court held that, regardless whether the plaintiff discovered the fact of her injury in the 1969 operation on September 4, 1976 or October 7, 1976, the plaintiff was not barred by the 4 year amendment effective September 21. The court relied with respect to *both* discovery dates upon *Arnold* for the proposition that the shortening of the repose period could not be allowed unless the plaintiff had a reasonable time after the amendment to file her action.

Conceivably, the logic of the *Cutsinger* decision in not applying the mandatory 4 year repose period effective as of September 21, 1976 to extinguish plaintiff's claim arising from her discovery of her injury on October 7 might support Ruiz's argument. However, there are two problems with such an analysis. First, *Cutsinger* involved a case where all of the elements of the plaintiff's cause of action, but for the discovery of the injury, had occurred prior to the statutory amendment. In this case, Ruiz's cause of action did not arise until *after* the effective date of the amendment. Second, the logic of the *Cutsinger* decision has been implicitly rejected by the Illinois Supreme Court's decision in *Anderson*. In *Anderson*, the court stated in *dicta* that it was not a violation of due process for the Illinois legislature to have absolutely barred medical malpractice actions four years after the date of treatment, even though the potential plaintiff was not aware prior to the running of the statute of the fact of the injury. *Anderson v. Wagner, supra*, 79 Ill.2d at 312, 37 Ill.Dec. at 566, 402 N.E.2d at 568.

Moreover, Ruiz's claim that he should be entitled to a "reasonable length of time" to cease use of the allegedly defective machine after the effective date of § 22.2 has no logical foundation. The concept that an employee knowingly works on a defective machine because he may have an action based on the doctrine of strict liability in tort if he is injured is too incredible to be believed. Finally, to the extent that Ruiz's claim to a "reasonable period of time" to cease use of the allegedly defective machine has any constitutional significance, we do not find there was an unreasonable length of time here. Contrary to Ruiz's assertion, the relevant length of time under the circumstances of this case should be measured from the date of § 22.2's enactment, not from its effective date. More than 6 months elapsed after the enactment of § 22.2 on August 14, 1978 before Ruiz's accident.

before us, each court construing § 22.1 and those amendments which have shortened the time for filing of actions has implicitly determined that the amendments to § 22.1 apply to past instances of malpractice. *See, e.g., Anderson v. Wagner, supra,* at 310–314, 320–324, 37 Ill.Dec. at 565–566, 570–571, 402 N.E.2d at 567–568, 572–573; *Cutsinger v. Cullinan, supra; Martinez v. Rosenzweig,* 70 Ill.App.3d 155, 162, 26 Ill.Dec. 335, 340–41, 387 N.E.2d 1263, 1268–69 (1st Dist. 1979). Under the circumstances, we find Ruiz's suggestion that § 22.2 be interpreted solely to apply to products first sold after January 1, 1979 to be without merit.

Accordingly, since the material facts are not in dispute and since Ruiz's legal arguments in opposition to the application of § 22.2 to this case are without merit, we grant Harris' motion for summary judgment as to Count I pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

An appropriate order will enter.