FRANCISCO HERRERRA, Plaintiff-Appellant, *v.* LESTER ENGINEERING COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 82—1882

Opinion filed June 30, 1983.

Sheldon N. Reibman and Michael P. Holverson, both of Reibman and Hoffman, Ltd., of Chicago, for appellant.

Hugh R. McCombs, Jr., Bruce D. Becker, and Clay A. Tillack, all of Isham, Lincoln & Beale, of Chicago, for appellee Lester Engineering Company.

Mitchell A. Orpett, of Chicago (Haskell & Perrin, of counsel), for appellee Bell & Howell Company.

JUSTICE MEJDA delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court dismissing plaintiff's action in strict product liability for his failure to

commence the action within the time permitted under the Illinois statute of repose applicable to such actions. Ill. Rev. Stat. 1981, ch. 110, par. 13—213.

The sole issue to be determined in this appeal is whether the statute of repose as originally enacted (see Ill. Rev. Stat. 1979, ch. 83, par. 22.2) bars plaintiff's strict product liability action against defendants.

On July 23, 1979, plaintiff sustained a traumatic injury while operating a die cast machine which had been manufactured by defendant Lester Engineering Company. The machine was first sold to defendant Bell & Howell Company in 1959.

On September 20, 1979, plaintiff filed a three-count complaint against these two defendants stating as count I an action for strict liability in tort for the alleged unsafe and defective machine. Counts II and III alleged causes of action in negligence against each of the defendants. At the time of the injury and at the filing of this suit, an Illinois statute of repose for strict product liability actions was in effect. (Ill. Rev. Stat. 1979, ch. 83, par. 22.2.) This statute was originally enacted as Pub. Act 80-1367, sec. 2, effective January 1, 1979. Approximately one year later the statute was amended effective January 1, 1980, adding subsections (f) and (g). (See Ill. Rev. Stat. 1981, ch. 110, par. 13—213.) Both the original and amended versions contain, as subsection (b), the following relevant provision:

> "(b) *** [N]o product liability action based on the doctrine of strict liability in tort shall be commenced except *** *within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other nonseller, whichever period expires earlier,* of any product unit that is claimed to have injured or damaged the plaintiff ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 110, par. 13—213(b).

Subsection (g), added by the amendment effective January 1, 1980, provides:

> "(g) The provisions of this Section 13—213 of this Act apply to any cause of action *accruing on or after January 1, 1979,* involving any product which was in or entered the stream of commerce *prior to, on, or after January 1, 1979.* (Emphasis added.) Ill. Rev. Stat. 1981, ch. 110, par. 13—213(g).

Defendants' motion to dismiss the plaintiff's product liability count on the basis of the statute of repose was granted by the trial court on July 6, 1982.

OPINION

■■ ■ Plaintiff contends that the statute effective at the time of his injury does not bar his action because it only applies to products entering the stream of commerce *after* the statute's effective date, January 1, 1979. This contention is premised on the maxim that a statute will not be applied retroactively unless clearly intended by the legislature. (See *Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 426 N.E.2d 824; 2 A. Sutherland, Statutory Construction sec. 41.04, at 252 (1973).) This maxim, however, is inapposite to the circumstances at bar since the cause of action here accrued more than seven months after the statute's effective date. (See *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) Thus, as to the accrual of this cause of action, the application of the statute is prospective. Moreover, without merit is plaintiff's contention that the statute should only be applied "prospectively" to products manufactured after the statute's effective date for this is contrary to the legislature's intent. Accord, *Kline v. J.I. Case Co.* (N.D. Ill. 1981), 520 F. Supp. 564.

■■ ■ In construing an ambiguous statute, courts must give primary effect to the spirit, intent and purpose of the enactment (*People v. Kezerian* (1978), 63 Ill. App. 3d 610, 379 N.E.2d 1246), and to determine these issues the court may look to a subsequent amendment of the statute being construed. (*O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204; *Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 319 N.E.2d 37, *cert. denied* (1975), 421 U.S. 914, 43 L. Ed. 2d 780, 95 S. Ct. 1573; *Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 428 N.E.2d 1061.) The parties agree that the unamended statute was unclear as to its effect on products already manufactured and, indeed, this problem in the statute was well recognized shortly after the statute's initial promulgation. (See *"Beat the Clock: The New Product Liability Statute of Limitations in Illinois,"* 1979 Ill. B.J. 414.) The legislative history of the amended provision, however, aptly illustrates that the legislature viewed the amendment as a "technical amendment" which "clarifies the effective date" of the original enactment. (See Senate debate on H.B. 2168, June 30, 1979.) An amendment to an ambiguous statute does not indicate a purpose or intent to change the law. (*O'Connor; Willis.*) Here, the circumstances of the passage of the amendment demonstrate that the amendment was intended to clarify, rather than change, the applicability of the statute of repose. Under the express terms of the amendment, the statute of repose applies to any cause of action accruing on or after January 1, 1979, involving any product

which entered the stream of commerce prior to, on, or after that date. (See Ill. Rev. Stat. 1981, ch. 110, par. 13—213(g).) Thus, we conclude that as to the entry of products into the stream of commerce, the statute as originally enacted is retroactive. Accord, *Kline.*

Our construction of the original enactment as applicable to products already in the stream of commerce is further supported by the legislative purpose of the statute of repose which was to establish time limits to dampen the rapid escalation of insurance costs associated with the burgeoning number of product liability actions. (See *Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 425 N.E.2d 522; see also *"Beat the Clock."*) Whether this statute is wise or is the best means to achieve the purpose of the legislature is not, of course, a proper subject of judicial inquiry. (*Bridgewater v. Hotz* (1972), 51 Ill. 2d 103, 281 N.E.2d 317; *Thornton.*) It is sufficient that our construction renders the statute both useful and logical in view of its intended purpose.

Plaintiff next questions the constitutionality of a retroactive application of the amended statute to bar his action. The amendment, however, has not been applied retroactively here but rather it has been examined under established principles of statutory construction to interpret the original enactment.

Finally, without merit is plaintiff's reliance on *Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 427 N.E.2d 999. The discussion of the retroactive application of the statute of repose in that case centered on the question of whether the then new statute could be applied retroactively to bar plaintiff's *pre-existing* cause of action, a situation not presented in the instant case. Moreover, in a footnote to the *Balzer* opinion, the court observed that since the product was sold no later than 1960, "the statute of repose would bar any action in 1972, *12 years after the sale.*" (Emphasis added.) (100 Ill. App. 3d 1071, 1073 n. 4, 427 N.E. 2d 999, 1000 n. 4.) Thus, the *Balzer* opinion lends additional support to our holding here that the statute, as originally enacted, applied to products already in the stream of commerce on its effective date.

For the foregoing reasons, the order of the circuit court dismissing count I of plaintiff's complaint on the basis of the statute of repose is affirmed.

Affirmed.

WILSON, P.J., and SULLIVAN, J., concur.