(No. 61409.—

MARION COSTELLO, Indiv. and as Ex'r, Appellant, v. UNARCO INDUSTRIES, INC., *et al.* (H. K. Porter Company, Inc., Appellee).

*Opinion filed February 6, 1986.—Rehearing denied April 1, 1986.*

WARD and SIMON, JJ., took no part.
CLARK, C.J., specially concurring.

James Walker, Ltd., of Bloomington, for appellant.

McConnell, Kennedy, Quinn & Johnston (Bradley W. Dunham, Karen J. Steele and Rebecca S. Riddell, of counsel), and Heyl, Royster, Voelker & Allen (Frederick P. Velde, Robert H. Shultz, Jr., Christopher P. Larson and Karen L. Kendall, of counsel), all of Peoria, for appellee.

Robert G. Schloerb and Richard R. Ryan, of Peterson, Ross, Schloerb & Seidel, of Chicago, for *amicus curiae* Advocate Mines Limited.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, of counsel), for *amicus curiae* Illinois Defense Counsel.

Kevin J. Conway, of Cooney & Stenn, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On October 23, 1981, plaintiffs, Frank Costello and Marion Costello, filed this action in the circuit court of McLean County against defendants, distributors of asbestos, alleging that defendants sold asbestos which was used at the shipyard where plaintiff Frank Costello had been employed from Autumn 1942 through the Spring of 1945 and that as the result of exposure to said asbestos

particles, Frank Costello contracted mesothelioma, a malignancy caused by exposure to asbestos. The second amended complaint, as amended, alleged that by reason of such exposure Frank Costello had developed asbestos disease which is caused by exposure to asbestos and that on or after September 1980 he first knew or should have known both that an injury had occurred and that the injury was caused by the wrongful act of another. The second amended complaint, as amended, also alleged that Frank Costello died of asbestos disease on April 27, 1982, and that plaintiff Marion Costello had been appointed executor of the estate of Frank Costello and brought this action for the decedent's loss under the Survival Act, decedent's wrongful death, and to recover for damages which she had sustained by reason of injury to her marital relationship. The amended complaint contained counts based on strict liability in tort and others based on negligence.

The circuit court, holding that those counts were barred by reason of section 13—213 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—213), dismissed with prejudice the counts based on strict liability. The circuit court also dismissed certain counts based on negligence, but no appeal was taken from that portion of the order. The appellate court affirmed (129 Ill. App. 3d 736), and we allowed Marion Costello's petition for leave to appeal (94 Ill. 2d R. 315).

Section 13—213 of the Code of Civil Procedure, after defining certain terms used therein, in pertinent part, provides:

"(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale,

lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

(c) No product liability action based on the doctrine of strict liability in tort to recover for injury or damage claimed to have resulted from an alteration, modification or change of the product unit subsequent to the date of first sale, lease or delivery of possession of the product unit to its initial user, consumer or other non-seller shall be limited or barred by subsection (b) hereof if:

\* \* \*

(2) the action commenced within the applicable limitation period and, in any event, within 10 years from the date such alteration, modification or change was made, unless defendant expressly has warranted or promised the product for a longer period and the action is brought within that period, and

\* \* \*

(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. In any such case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, under the age of 18 years, or under legal disability, or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed.

\* \* \*

(g) The provisions of this Section 13—213 of this Act apply to any cause of action accruing on or after January

1, 1979, involving any product which was in or entered the stream of commerce prior to, on, or after January 1, 1979." Ill. Rev. Stat. 1983, ch. 110, pars. 13—213(b), (c)(2), (d), (g).

Plaintiff contends that the tortious conduct resulting in the death of Frank Costello occurred prior to the passage of section 13—213. She argues that defendant's action of selling the asbestos without adequate warnings was completed long before January 1, 1979; that in September 1980, Costello learned for the first time that he had been injured and that the injury was wrongfully caused by another and the effect of section 13—213 as applied by the circuit and appellate courts was to bar his cause of action at the instant of its discovery. Citing *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, and *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, plaintiff argues that "a statute shortening the period of limitation will not be retroactively applied to terminate a cause of action unless the party has a reasonable amount of time after the amendment's effective date in which to file his action."

In its brief, defendant H. K. Porter Company, Inc., contends that the 12- and 10-year limitations periods set forth in subparagraph (b) bar any action commenced subsequent to the expiration of those periods. It argues that, read together, subsections (b) and (d) provide for injuries which are not immediately discoverable and that the maximum period to which any conceivable set of circumstances could extend the limitations period is 20 years from the date of the first sale. *Amicus curiae* Advocate Mines Limited contends that the express provisions of the statute make it applicable to any cause of action accruing on and after January 1, 1979, regardless of the dates of exposure. The brief of *amicus curiae* Illinois Defense Counsel states that it adopts the brief of Advocate Mines Limited, which adequately presents and

argues the issues which it intended to raise. Pursuant to leave granted, *amicus curiae* the Illinois Trial Lawyers Association filed a brief essentially adopting the arguments presented by plaintiff.

Although the appellate court has considered the issue, this is the first instance of this court's being required to construe subparagraph (g) of section 13—213. In addition to the contentions made concerning the applicability and construction of section 13—213, the parties have briefed and argued the question of its constitutionality. Our earlier decisions require that we attempt to give effect to the expressed intent of the General Assembly and avoid constructions which render portions of the statute meaningless or void. (*People v. Tarlton* (1982), 91 Ill. 2d 1.) "If a reasonable construction will uphold the constitutionality and validity of a statute, that is the interpretation this court will give the statutory language." *In re Marriage of Eltrevoog* (1982), 92 Ill. 2d 66, 70-71.

The precise question presented is whether the provision of subparagraph (g) that section 13—213 applies "to any cause of action accruing on or after January 1, 1979, involving any product which was in or entered the stream of commerce prior to, on, or after January 1, 1979," serves to bar plaintiff's cause of action filed in 1981 arising from his exposure to the asbestos which terminated in 1945, where the resultant injury was discovered in 1980.

Analogous to the situation here presented are the cases involving the statute of repose applicable to cases of medical malpractice. (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.) In *Anderson v. Wagner* (1979), 79 Ill. 2d 295, the court reviewed legislation and appellate opinions of other jurisdictions concerning medical malpractice and the role of the "discovery rule" in the "medical malpractice cases." It discussed the trend of enactment of the statutes providing for time limitations on filing of causes

of action regardless of time of discovery. Following discussion of the contentions of the parties it held that the four-year outer limit within which to file a complaint for medical malpractice presented no due process violation (79 Ill. 2d 295, 312) and was not invalid as special legislation proscribed by section 13 of article IV of the Constitution of 1970 (Ill. Const. 1970, art. IV, sec. 13). It did not, however, resolve the question presented here. In the only reference to the question the court said:

"The plaintiffs also contend, in an unarticulated due process argument, that under section 21.1 it is possible that a person's cause of action may be barred by the 4-year-maximum time limit before he learns of his injury. This problem is not directly involved in these cases." 79 Ill. 2d 295, 311.

In *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, the court considered whether the 1976 amendment to section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1, now Ill. Rev. Stat. 1983, ch. 110, par. 13—212), to provide that no action be brought more than four years after the date on which the act or omission alleged in the action to have been the cause of such injury or death occurred, served to bar claims which were discovered respectively 6 years, 37 years, and 35 years after treatment was received. The court held that it would not read into the statute "a retroactive application so as to instantaneously extinguish a cause of action that existed prior to the amendment." 95 Ill. 2d 223, 237.

Defendant contends that subparagraph (g) supplies the "expressed intention" of retroactive application which the court found lacking in *Moore*. We do not agree.

In the special concurring opinion in *Moore*, three members of the court recognized that the causes of action which stem from occurrences prior to the effec-

tive date of the amendment and which under our decisions (see *Nolan v. Johns-Mansville Asbestos* (1981), 85 Ill. 2d 161; *Witherell v. Weimer* (1981), 85 Ill. 2d 146), would "accrue" at a later time should not be terminated by a statute of repose on its effective date. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 240-42 (Ryan, C.J., specially concurring, joined by Underwood and Moran, JJ.).) The concurring opinion states further that the rule of reasonableness should apply to these "inchoate" rights "similar to its application to accrued or vested rights." (95 Ill. 2d 223, 242.) Applying a rule of reasonableness it was concluded that the intent of the General Assembly was that the time within which the cause of action may be discovered cannot remain open-ended and that it was reasonable and consistent with that intent to require that an injured person discover and commence his medical malpractice action within four years after the occurrence. (95 Ill. 2d 223, 243.) Consistent with this intent was the requirement that a person injured prior to the effective date of the 1976 amendment must discover his cause of action and file his complaint within four years after the effective date of the amendment. 95 Ill. 2d 223, 243.

In *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, the court reviewed the development of the discovery rule and the history of the legislative action concerning limitations. It applied the rationale of the concurring opinion in *Moore* and held that the plaintiffs were entitled to a reasonable period of time following the effective date of the statute of repose and that because the causes of action were not filed within four years of the effective date of the amendment they were time-barred.

It appears to us that the rationale of the special concurring opinion in *Moore* and the majority opinion in *Mega* applies here. Plaintiff's cause of action, inchoate at the time of the effective date of the provision for repose,

accrued subsequent to that date. We need not decide what would be a reasonable period after the effective date of the amendment to discover the condition. The cause was dismissed upon allowance of defendants' motions to dismiss and for purposes of this appeal the date of discovery alleged in the complaint must be taken as true. The record shows that the action was instituted within three years of the effective date of subparagraph (g) of section 13—213 and two years of discovery, and we hold that plaintiff's cause of action was timely filed. *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418.

In view of the conclusion reached concerning the construction of the statute we need not and do not discuss the issue of constitutionality. For the reasons stated, the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of McLean County for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARD and SIMON, JJ., took no part in the consideration or decision of this case.

CHIEF JUSTICE CLARK, specially concurring:

I agree with the result the majority has reached in this case, but I do not agree with some of its conclusions and reasoning. Therefore, I specially concur.

The majority relies on the concurring opinion in *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, and the majority opinion in *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, to reach its holding in this case.

In the concurring opinion in *Moore*, it was stated:

"In balancing the rights of injured persons against the need to correct the evil of the extended exposure to lia-

bility created by the discovery rule, the legislature concluded that it was reasonable to require that an injured person discover and commence his medical malpractice action within four years after the occurrence. Consistent with this intent is a requirement that *a person injured prior to the effective date of the 1976 amendment must discover his cause of action and file his complaint within four years after the effective date of the [1976] amendment.* A person who was negligently injured by a medical practitioner one day after the effective date of the 1976 amendment loses his right to file a suit for recovery for his injuries if his suit has not been filed within four years after the occurrence. It is reasonable to require that *a person similarly injured one day before the effective date of the 1976 amendment discover his cause of action and file his suit within four years after the effective date of the amendment.* It is true that this application of the amendment may terminate a right to file suit before an individual becomes aware of his injury. However, this is also true of those who are injured after the effective date of the amendment. We noted in *Anderson* that such a termination of a cause of action has been held not to constitute a due process violation. *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311-12." (Emphasis added.) *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 243-44 (Ryan, C.J., specially concurring, joined by Underwood and Moran, JJ.).

To begin with, as noted in my dissent in *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 429-30, *Anderson* did not address the constitutionality of the amendment as it applied to persons *injured prior* to the effective date of the amendment; and in *Moore* this court held that the amendment could not be applied to this group of plaintiffs so as to instantaneously bar their causes of action, but that they had to be given a reasonable time after the effective date of the amendment to file their causes of action.

In *Mega*, the majority of this court held that the

plaintiffs therein were barred from bringing their causes of action because they were not filed within four years after September 19, 1976, the effective date of the amendment shortening the statute of limitations.

In the instant case, the plaintiff was injured in the 1940's, so the injury occurred *prior* to January 1, 1979. He first discovered his injury in September of 1980, and suit was filed in October of 1981. So, discovery and the institution of the suit took place *after* January 1, 1979. The majority states: "We need not decide what would be a reasonable period after the effective date of the amendment to discover the condition. \*\*\* The record shows that the action was instituted *within three years of the effective date of subparagraph (g) of section 13—213* and two years of discovery, and we hold that plaintiff's cause of action was timely filed." (Emphasis added.) 111 Ill. 2d at 484.

Although the majority does not specifically state why it is not necessary to decide what would be a reasonable period after the effective date of the statute, implicitly this opinion holds that the eight-year period of repose in the statute is the reasonable time period which should be allowed for this type of plaintiff to bring suit.

I disagree with this conclusion for the same reasons I dissented in *Mega*. In accordance with the holding in this case, presumably if another plaintiff in a situation similar to the plaintiff in this case does not discover his injury and file his suit until eight years after January 1, 1979 (in other words by January 1, 1987), he will be denied access to our courts. As I stated in my dissent in *Mega*, I believe this result would be unjust and violative of the constitution of the State of Illinois.

The majority in *Mega* and the majority in this case is accepting and adopting the outer limits imposed by the legislature in these statutory amendments as the reasonable time periods which should be allowed for these

plaintiffs to file suit. In plaintiff Costello's case, his suit was not time-barred. The plaintiffs in *Mega* were time-barred, and future asbestosis plaintiffs who unfortunately may not discover their injuries and file their suits before January 1, 1987, will also be time-barred. It is the application of these amendments to these two groups of plaintiffs injured *before* the statute's effective date which I believe violates section 12 of article I of the Illinois Constitution, which provides:

"Every person *shall* find a certain remedy in the laws for *all* injuries and wrongs which he receives to his person, privacy, property or reputation. He *shall* obtain justice by law, freely, completely, and promptly." (Emphasis added.) Ill. Const. 1970, art. I, sec. 12.

It is for this reason that I specially concur.