175 Ill. App.3d 1050 (1988)
530 N.E.2d 514
JAMES O. ERDIE et al., Plaintiffs-Appellants,
v.
CENTRAL ILLINOIS PUBLIC SERVICE COMPANY et al., Defendants (Western Architectural Iron Company, Defendant-Appellee).
No. 4-88-0164.
Illinois Appellate Court  Fourth District.
Opinion filed October 13, 1988.
Rehearing denied December 13, 1988.
Smith, Waters, Kuehn, Burnett & Hughes, Ltd., of Peoria (Steven P. Glancy and M. Michael Waters, of counsel), for appellants.
Heyl, Royster, Voelker & Allen, of Springfield (Guy A. Studach, of counsel), for appellee.
Judgment affirmed.
*1051 JUSTICE LUND delivered the opinion of the court:
Plaintiff James Erdie was injured and he and his wife, Shara, filed a personal injury action seeking compensation for his injuries. Following amendments to the complaint, one of the defendants, and the only appellee herein, Western Architectural Iron Co. (Western), filed a motion for summary judgment alleging the causes of action against it were barred by sections 13-213 and 13-214 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, pars. 13-213, 13-214). The circuit court of Sangamon County granted Western's motion and made a finding pursuant to Supreme Court Rule 304(a) (107 Ill.2d R. 304(a)) permitting an immediate appeal. Plaintiffs appeal. We affirm.
James Erdie was injured on March 15, 1985, when the metal grating upon which he was walking collapsed, and he fell some 25 to 30 feet to the ground. The incident occurred at the Central Illinois Public Service Company (CIPS) power plant in Coffeen, Illinois. James initially filed an action against CIPS. He learned through discovery that Western had sold the metal grating to CIPS and also installed the grating at the CIPS facility. On March 11, 1987, James amended his complaint to add Western as an additional defendant. Shara Erdie joined in this complaint as an additional plaintiff seeking compensation for loss of consortium. Counts VI and VIII alleged Western was negligent in constructing the ironwork at the CIPS facility. Counts VII and IX alleged causes of action based on a theory of strict products liability.
Western filed a motion for summary judgment as to all four counts in October 1987. Attached to the motion was the affidavit of Western's president. The affidavit stated Western did not design or manufacture the metal grating. Further, the affidavit stated that Western last sold the ironwork and grating to CIPS on October 19, 1972, and that Western performed no work at the power plant after 1972. Western asserted counts VI and VIII were barred by section 13-214 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13-214), and counts VII and IX were barred by section 13-213 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13-213). The court granted summary judgment on counts VI and VIII, but allowed plaintiffs' leave to amend counts VII and IX. Plaintiffs filed amended counts VII and IX, along with additional counts XII and XIII, on January 21, 1988. Counts VII and IX again alleged a theory of strict products liability. Counts XII and XIII alleged Western was negligent in the design and manufacture of the ironwork.
Western again filed a motion for summary judgment. Western reasserted *1052 section 13-213 as a bar to amended counts VII and IX. As to counts XII and XIII, Western stated that it did not design or manufacture the metal grating. Western attached the same affidavit, previously made by Western's president, to its motion. The court granted summary judgment on these four counts on February 3, 1988. The court included a finding that no just reason existed to delay enforcement or appeal. (See 107 Ill.2d R. 304(a).) Plaintiffs filed a timely notice of appeal. They seek review of the orders pertaining to all six counts filed against Western. The questions on appeal are (1) whether plaintiffs' causes of action for strict products liability are barred by section 13-213 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13-213); (2) whether the causes of action for negligent construction are barred by section 13-214 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13-214); and (3) whether the causes of action for negligent design and manufacture of the metal grating and supporting ironwork were properly dismissed where Western merely sold and installed the metalwork.
Western contends plaintiffs' claims of strict products liability in counts VII and IX of their complaint are barred by statute. Section 13-213(b) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13-213(b)) reads, in pertinent part:
"[N]o product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period."
Section 13-213 provides a statute of repose limiting the period manufacturers and others involved in the distribution process may expect liability for their products under a tort theory of strict liability. The effective date of the initial version of this statute was January 1, 1979, by Public Act 80-1367. (Ill. Rev. Stat. 1979, ch. 83, par. 22.2; 1978 Ill. Laws 1292, 1296 (§ 4).) Subsection (g) of section 13-213 (Ill. Rev. Stat. 1985, ch. 110, par. 13-213(g) (formerly Ill. Rev. Stat. 1979, ch. 83, par. 22.2(g))) was added in 1979 by Public Act 81-1054, effective January 1, 1980 (1979 Ill. Laws 4014, 4016 (§ 1)), and it specifically makes all of section 13-213 applicable "to any cause of action accruing on or after January 1, 1979, involving any product *1053 which was in or entered the stream of commerce prior to, on, or after January 1, 1979." It is undisputed that Western's last involvement with the metalwork occurred in 1972. The 10-year period applicable under section 13-213 expired in 1982. The injury to James occurred in 1985. Based on section 13-213, Western concludes the strict liability claims cannot be raised by plaintiffs.
Plaintiffs argue, however, that the supreme court limited the applicability of section 13-213 in Costello v. Unarco Industries, Inc. (1986), 111 Ill.2d 476, 490 N.E.2d 675. In spite of the language of subsection (g) of section 13-213, plaintiffs contend section 13-213 is to be applied prospectively only. We believe plaintiffs' interpretation of Costello is inaccurate.
In Costello, the supreme court examined whether section 13-213 barred a cause of action based on strict liability where the injury occurred many years prior to 1979, but was discovered in 1980. The plaintiff in Costello was exposed to asbestos during the years 1942 through 1945 through his employment. He subsequently contracted a cancerous disease linked to exposure to asbestos particles. He discovered his disease in 1980 and filed his cause of action in 1981. The court held that plaintiff should be allowed a reasonable time following the effective date of section 13-213 in which to discover his injury. (Costello, 111 Ill.2d at 483-84, 490 N.E.2d at 678.) The concurring opinion of Chief Justice Clark, while aimed at other portions of the majority opinion, points out that the plaintiff was injured prior to January 1, 1979, but discovery of the injury and institution of the personal injury action occurred after January 1, 1979. (Costello, 111 Ill.2d at 485-86, 490 N.E.2d at 679-80 (Clark, C.J., specially concurring).) Thus, the court refused to extinguish a cause of action which existed in inchoate form prior to the effective date of the statute of repose. Section 13-213 would not be applied retroactively to the plaintiff in Costello.
Plaintiffs argue that Costello must be read to mandate a prospective application only of section 13-213. Plaintiffs argue that their rights were inchoate prior to January 1, 1979, because the conduct which caused the injury occurred in 1972. This analysis flies in the face of the clear language of subparagraph (g) of section 13-213. We need not interpret Costello as plaintiffs suggest. Rather, we find Costello distinguishable from the instant case. The instant case is more closely related to Herrerra v. Lester Engineering Co. (1983), 116 Ill. App.3d 228, 452 N.E.2d 68, and Ruiz v. Harris Corp. (N.D. Ill. 1980), 532 F. Supp. 139. In both of these cases, the equipment which caused the injury was last handled by the defendants at least *1054 12 years before January 1, 1979. The plaintiff in Herrerra was injured on July 23, 1979. The plaintiff in Ruiz was injured on February 28, 1979. In both cases, the courts held section 13-213 applicable, and the causes of action for strict liability were found to be barred. We find the analysis in Ruiz pertinent:
"Unlike cases where the plaintiff's cause of action has accrued prior to the effective date of a legislative amendment shortening the limitations period, here Ruiz's cause of action in Count I based on strict liability in tort arose on February 28, 1979 at the time of his injury. This was two months after § 22.2 [the predecessor to section 13-213] had become effective on January 1, 1979. Moreover, unlike [Arnold Engineering, Inc. v. Industrial Commission (1978), 72 Ill.2d 161, 380 N.E.2d 782,] where the court was concerned with retroactive changes in statutes of limitations, § 22.2 operates as an absolute bar to the purported cause of action, and not merely as a limitations provision. See Skinner v. Anderson, 38 Ill.2d 455, 458, 231 N.E.2d 588, 590 (1967). Under such circumstances, Ruiz had no vested right after January 1, 1979 in any as yet unaccrued cause of action based upon strict liability in tort." (Emphasis in original.) Ruiz, 532 F. Supp. at 141-42.
Accord Kline v. J.I. Case Co. (N.D. Ill. 1981), 520 F. Supp. 564.
 1 Costello dealt with an exception where the injury had occurred prior to the effective date of section 13-213, but the injury was discovered after the effective date. In other words, the plaintiff in Costello had a right to bring a cause of action on January 1, 1979, and in the absence of the statute of repose, that right would have continued to exist until discovery. The supreme court determined the legislature did not intend to eliminate such a preexisting cause of action prior to its discovery. In the instant case, there was no cause of action in existence prior to January 1, 1979. Indeed, there was no cause of action prior to the injury which occurred on March 15, 1985. Applying section 13-213 retroactively in the present case "renders the statute both useful and logical in view of its intended purpose." (Herrerra, 116 Ill. App.3d at 232, 452 N.E.2d at 70.) The trial court properly granted summary judgment as to counts VII and IX.
 2 Plaintiffs' first-amended complaint included counts VI and VIII, which were allegations that Western was negligent in the construction of the ironwork at the CIPS facility. The court granted summary judgment based on section 13-214(b) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13-214(b)). That statute is a statute of repose which limits causes of action based on "tort, contract or otherwise" *1055 to a period of 10 years following certain construction-related activities. (Ill. Rev. Stat. 1985, ch. 110, par. 13-214(b).) Plaintiffs argue their interpretation of Costello should apply to section 13-214. We have already declined to apply their interpretation to section 13-213, and we similarly decline to apply it to section 13-214. Section 13-214, which became effective November 29, 1979, by Public Act 81-1169 (Ill. Rev. Stat. 1985, ch. 110, par. 13-214 (formerly Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3); 1979 Ill. Laws 4479, 4480 (§ 1)), is to be given retroactive effect. Accord People ex rel. Skinner v. Graham (1988), 170 Ill. App.3d 417, 432, 524 N.E.2d 642, 650; Blackwood v. Rusk (1986), 148 Ill. App.3d 868, 873, 500 N.E.2d 69, 72.
Finally, plaintiffs alleged that Western was negligent in designing and manufacturing the metalwork in counts XII and XIII. Western responded by filing a motion for summary judgment with a supporting affidavit attached. The affidavit from Western's president stated that Western neither designed nor manufactured the metalwork. This response to counts XII and XIII was originally filed on December 23, 1987. Because of an error in the pleadings attributable to plaintiffs, defendant refiled his motion for summary judgment and supporting affidavit on January 25, 1988. Plaintiffs filed no counteraffidavits rebutting the facts in the affidavit. The hearing was held on January 29, 1988, and Western's motion was granted.
 3 If a party moving for summary judgment supplies facts which, if not contradicted, would entitle such a party to a judgment as a matter of law, the opposing party cannot rely upon his complaint alone to raise genuine issues of material fact. (Carruthers v. Christopher & Co. (1974), 57 Ill.2d 376, 380, 313 N.E.2d 457, 459.) Plaintiffs argue they had only eight days to challenge the statements in the affidavit and request more time to respond. However, plaintiffs are in error. The original response to counts XII and XIII was filed on December 23, 1987, over one month's time prior to the hearing.
For the foregoing reasons, the order of the circuit court of Sangamon County granting summary judgment to Western is affirmed.
Affirmed.
GREEN, P.J., and KNECHT, J., concur.