MARION COSTELLO, Indiv. and as Ex'r of the Estate of Frank H. Costello, Deceased, Plaintiff-Appellant, v. UNARCO INDUSTRIES, INC., et al., Defendants (H.K. Porter Company, Inc., Defendant-Appellee).

Fourth District   No. 4—84—0081

Opinion filed December 28, 1984.

James Walker, Ltd., of Bloomington, for appellant.

McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria (James R. Morrison and Karen J. Steele, of counsel), for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

Asbestos case.

Mesothelioma.

Complaint dismissed.

We affirm.

October 23, 1981: Frank and Marion Costello filed a multicount complaint against a number of asbestos and asbestos product suppliers. The counts sounded in negligence and product liability and sought damages for personal injury to Frank and economic injury to Marion. The complaints were predicated on Frank's exposure to asbestos during the early 1940's, when he was employed at the Seneca shipyards.

April 27, 1982: Frank Costello died as a result of mesothelioma, a malignancy caused by exposure to asbestos particles. Marion was appointed executor of Frank's estate, and added a count predicated on Frank's wrongful death.

May 31, 1983: The circuit court dismissed with prejudice the counts of Marion's complaint sounding in strict liability, reasoning that the counts were time-barred by the operation of section 13—213 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—213) (statute of repose). The trial court also dismissed the counts sounding in negligence, reasoning that they were insufficient since the plaintiff had failed to allege that the defendants knew, or should have known, that exposure to asbestos particles of the type defendants were involved with would cause a disease of the type contracted by the decedent.

January 4, 1984: A judgment was entered for defendants when plaintiff elected to stand upon her complaint.

This appeal followed.

Before this court—as before the court below—plaintiff raises three basic arguments. *First*, plaintiff argues that the statute of repose is improperly applied to her in this case. *Second*, she argues that if the statute of repose is properly applicable to her case, it does not pass constitutional muster in that it fails to provide her with due process of law and violates the equal protection clause of the Illinois and United States constitutions, and it violates the special legislation clause of the Illinois Constitution (Ill. Const. 1970, art. IV, sec. 13), and denies plaintiff the certain remedy called for in article I, section 2, of the Illinois Constitution of 1970. Plaintiff's *third* argument is that under Illinois' liberal pleading requirements, her cause of action sounding in negligence was sufficiently supported by her complaint to withstand defendants' motion to dismiss. We affirm the dismissal of her complaint.

## I. APPLICABILITY—STATUTE OF REPOSE

We turn first to the question of whether the statute of repose was properly applied to this case. The decision of this question must be reached first, for if the statute was not properly applied we need not reach the constitutional issues.

Both sides join issue concerning the propriety of the application of the statute to bar plaintiff's cause of action sounding in strict liability. The resolution of the issue requires a reconciliation of two cases involving the statute (*Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 425 N.E.2d 522; *Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 427 N.E.2d 999), as well as construction of language in a supreme court case dealing with the statute of repose limiting actions against physicians in hospitals. *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408.

Plaintiff's argument is that the statute cannot be applied to bar her cause of action where the causal occurrence was prior in time to the statute's passage but the accrual of the action was subsequent. In plaintiff's view, the decisional case law, represented by *Balzer*, is clear in its refusal to apply the statute to those injured prior to the effective date of the statute.

In *Balzer*, plaintiff was injured on January 3, 1978, while working at a sintering plant which had been constructed in the late 1950's. He filed his complaint on June 21, 1978. The statute of repose became effective January 1, 1979. The defendant filed a motion to dismiss, relying on the statute. The motion was denied and the denial upheld on appeal, the court reasoning that "there was no period of time whatsoever for Balzar to have filed the action after the statute's effective date." 100 Ill. App. 3d 1071, 1073, 427 N.E.2d 999, 1001.

Defendants respond—and we agree—that *Balzer* is distinguishable from the case at bar. In *Balzer*, the injury occurred (and perhaps more importantly was *discovered*) on January 3, 1978, over a year before the effective date of the statute. Under these circumstances, the statute could not operate to cut off an accrued right. In the case before the bench, the injury (again most importantly) was not discovered until 1980, a date clearly *after* the effective date of the statute. In our view, *Balzer* is distinct on its facts and of no moment to the decision of the case before us.

Defendant proffers *Thornton*, which we find more analogous to the facts of the case *sub judice*. In *Thornton*, plaintiff's father purchased a rotary mower on July 14, 1969. The statute of repose became effective on January 1, 1979. Plaintiff was injured (again contemporaneously with the discovery of injury) on July 26, 1979. A

complaint was filed on December 28, 1979. The trial court granted summary judgment for defendant, and the court on appeal affirmed.

■ Plaintiff attempts to distinguish *Thornton* by arguing that there the injury-causing "exposure" occurred after the effective date of the statute, while here the "exposure" was prior. The distinction is without merit. The date of "accrual" is paramount, not the date of "exposure." The supreme court has specifically held that in asbestos-related claims a "cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another." *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864, 868.

The point of accrual of a cause of action takes on additional importance, since the legislature has specifically provided that the statute of repose shall "apply to any cause of action *accruing* on or after January 1, 1979, involving any product which was in or entered the stream of commerce prior to, on, or after January 1, 1979." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 13—213(g).) This section also serves to distinguish language relied upon by plaintiff and found in *Moore*.

In *Moore*, the court was called upon to decide whether section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—212) was to be given a prospective or retrospective application. At stake were three claims which would have been barred by retrospective application, since all were based on injuries discovered more than four years after the injury-causing conduct. The court refused to bar the claims, ostensibly holding that the statute was to be applied prospectively. (As to the nature of the "prospectivity" of the holdings, see our decision in *Clark v. St. John's Hospital* (1984), 128 Ill. App. 3d 989.)

From *Moore*, plaintiff now argues that just as the supreme court would not act to bar a plaintiff's claim instantaneously upon its discovery in the medical malpractice area, we should not do so in the area of products liability. The argument is flawed, in that it fails to take into account the express terms of the statute under scrutiny as well as limiting language found in the *Moore* opinion.

In *Moore*, the supreme court specifically stated:

"In 1976, the Illinois legislature did not clearly indicate its intention as to the applicability of the 1976 amendment. Since there is no express language as to retroactive application, we must give section 21.1 a prospective construction." *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 235-36, 447

N.E.2d 408, 413.

■ In our opinion, section 13—213(g) (Ill. Rev. Stat. 1983, ch. 110, par. 13—213(g)) is a manifest expression of the applicability of the entirety of the product liability statute of repose. The act is to apply to all causes of action *accruing on or after January 1, 1979.* Since the cause of action in an asbestos case accrues upon the discovery of the injury complained of *(Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864), the plaintiff's cause of action here was barred at the outside in 1957, which was 12 years after the last date on which plaintiff's decedent allegedly was in proximity to asbestos or asbestos-containing material. Since the claim was barred by 1957, it was equally barred in 1983 when the cause of action was dismissed. In conclusion, we decide that the statute of repose by its plain terms applies to plaintiff's cause of action.

Indeed, it acts as a bar to plaintiff's cause of action unless it is unconstitutional, and we now turn to that question.

## II. CONSTITUTIONALITY—STATUTE OF REPOSE

Plaintiff's first argument on this issue is that the statute of repose is unconstitutional because it operates to bar a plaintiff's recovery before an injurious event occurs, a situation which she claims was condemned in *Skinner v. Anderson* (1967), 38 Ill. 2d 455, 231 N.E.2d 588.

■ The argument fails for two reasons. First, the statute of repose does not bar recovery before injury, although it may operate to bar recovery before the damage resulting from the injury is discovered. Second, *Skinner* held section 29 of the Limitations Act (Ill. Rev. Stat. 1965, ch. 83, par. 24f) unconstitutional because it applied to fewer than all the persons who could be exposed to liability for construction defects since it was confined solely to architects and contractors. The statute of repose under consideration here applies to all product liability actions regardless of the parties sought to be sued. As such, it does not violate the dictates of *Skinner.*

■ Although plaintiff has chosen to argue separately that the statute of repose is unconstitutional as special legislation, which is forbidden by article IV, section 13, of the Illinois Constitution, the just-mentioned principle from *Skinner* disposes of that contention as well.

Plaintiff's next argument is that the statute violates article I, section 12, of the Illinois Constitution of 1970, which calls for a certain remedy for all injuries and wrongs. It is well established that the aforementioned section of the constitution has been uniformly con-

strued as expressing a philosophy rather than as imposing a mandate. (*Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659.) As such, the section's force is greatly abated when proffered as a source upon which litigants might attempt to hang their constitutional hats. In any event, the statute of repose here speaks only to product liability actions sounding in strict liability in tort but does not abrogate actions sounding in common law negligence. Under these circumstances, we cannot say that plaintiff here does not have a certain remedy—only that the remedy must be sought down a different avenue than product liability.

■ Next, plaintiff argues that the statute of repose is unconstitutional because it either violates dictates of due process or the equal protection clauses of the Illinois and United States constitutions. The test to be applied when judging such claims is whether "the particular classification is based upon some real and substantial difference in kind, situation or circumstance in the persons or objects on which the classification rests, and which bear a rational relation to the evil to be remedied and the purpose to be attained by the statute ***." *Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 194, 106 N.E.2d 124, 132.

■ The primary defect complained of by defendant is that the statute of repose relies entirely on the passage of time to bar potential causes of action. This argument is wholly without merit. It bypasses completely the aforementioned passage from *Grasse*. Applying the test of *Grasse*, we find that *first*, the particular classification (product liability actions based on strict liability in tort) is based upon a real and substantial difference in circumstances as to the person on which the classification rests. Manufacturers and sellers are faced with the circumstance of increased risk of loss in product suits due to the nature of strict liability.

*Second*, the classification bears a rational relationship to the evil to be remedied and the purposes of the statute. The evil to be remedied by this statute manifested itself in insurance premiums faced by manufacturers, which were increasing in geometric progressions in the mid and late 1970's. (See generally Eldredge & Houlihan, *Limitations of Action; Strict Liability in Tort—The Legislature Has Intervened*, 67 Ill. B.J. 214 (1978).) The statute's purpose was patently to provide a cutoff date for claims asserted under the doctrine of strict liability.

*Third*, the cutoff date provides a twofold solution which is rationally related to the evil sought to be remedied. Those subject to strict liability claims need not worry about defending suits stemming from

transactions which occurred so long ago that evidence likely has been lost or destroyed and memories of witnesses have been dulled by the passage of time. These considerations were expressed and admitted as problems in defending stale suits in *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489. Further, upon the introduction of a new product, companies may begin allocating the risk of lawsuits, such risks to be spread over the 10-year period of the statute. This should help stabilize prices and bring more certainty to commercial ventures.

In conclusion, section 13—213 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—213) classifies product liability actions based on real and substantial differences in the circumstances faced by persons subject to them. It then provides a solution which is rationally related to the evil sought to be remedied. As such, it passes constitutional muster against claims that it violates the requirements of due process or the equal protection of the laws. *Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 106 N.E.2d 124.

### III. SUFFICIENCY—NEGLIGENCE COUNT

■ In addition to plaintiff's count sounding in product liability, her complaint also sought to state a cause of action in negligence. The counts all alleged in pertinent part:

"2. Hereafter 'asbestos' includes asbestos fiber and products containing asbestos.

* * *

13. Defendant sold asbestos which was used at the shipyard and to which Frank H. Costello was exposed while he worked at the shipyard.

14. Asbestos disease is caused by exposure to asbestos.

15. Frank H. Costello contracted asbestos disease as a result of his exposure to asbestos.

16. Frank H. Costello died of asbestos disease on April 27, 1982.

17. Before Defendant sold any of the asbestos used at the Seneca shipyard, it knew that the use of its products would generate asbestos dust and knew that exposure to asbestos dust caused asbestos disease."

The trial court held that plaintiff's negligence counts did not state a cause of action and needed to allege "more particularly that defendants knew or should have known that exposure to asbestos particles of the type defendants were involved with would cause disease of the type contracted by plaintiff's decedent." In this appeal, plaintiff argues that it was error for the circuit court to dismiss the appeal, since

her pleadings satisfied the fact-pleading requirements of this State. She goes on to argue that the trial court erred in ostensibly requiring a plaintiff in an asbestos action to plead with particularity the type of asbestos particle to which the plaintiff was exposed.

Defendants respond that the trial court's order misapprehended their motion arguments in reference to particularization of asbestos particles, but that the order should nonetheless be affirmed. We agree that the complaint seeking to allege a cause of action in negligence should be more specific than the one before this court and therefore affirm the dismissal. We do not agree that the written order entered by the trial court accurately reflects the facts which must be pleaded in asbestos litigation, specifically insofar as it purports to require plaintiffs to plead with particularity the type of asbestos particles encountered.

To our view, the complaint is insufficient in two aspects. *First*, it fails to specify the disease contracted by plaintiff. *Second*, it fails to indicate where in the chain of production the various-named defendants were located and thus does not apprise them of sufficient *facts* upon which they may rely in making a defense.

Turning to the first defect, we take judicial notice of the fact that to date many diseases are claimed to result from asbestos exposure. The list includes asbestosis, lung cancer, intestinal cancer, various heart conditions, pleural mesothelioma, and peritoneal mesothelioma. A defendant in an asbestos case surely has a right to know, in advance of discovery, what health problems have been caused by his alleged negligent behavior. The failure to allege the specific disease, or alternative diseases if the plaintiff is actually uncertain, seems to us to be a minimum requirement of pleading. To simply allege that plaintiff contracted asbestos disease is insufficient.

The second flaw in plaintiff's complaint stems from the use of boiler-plate pleading paragraphs. In count I of plaintiff's second amended complaint, paragraphs 3 through 11 each identically alleged that nine different defendants were corporations in McLean County, which were "during the time relevant to the allegations herein in the business of distributing asbestos." "Asbestos" is previously defined as asbestos fiber and products containing asbestos in the complaint.

We view these allegations as insufficient in that they fail to apprise the defendants of both the injury-producing product and the place in the chain of production of the products which they were alleged to have occupied.

Under the *fact*-pleading requirements of Illinois, the complaints were insufficient in the two aforementioned aspects and were prop-

erly dismissed by the trial court. While our analysis of the defects is contrary to that reflected by the order of the trial court, it is well established that appellees in reviewing courts may rely on any matter of record in affirming a decision rendered by a court below. *Kaibab Industries, Inc. v. Family Ready Homes, Inc.* (1983), 111 Ill. App. 3d 965, 444 N.E.2d 1119.

Since the record here amply supports the dismissal of plaintiff's cause of action, the decision of the trial court is affirmed.

Affirmed.

WEBBER and TRAPP, JJ., concur.