MARJORIE KOZAK, Indiv. and as Special Adm'r of the Estate of George W. Kozak, Sr., Deceased, Plaintiff-Appellant, v. ARMSTRONG WORLD INDUSTRIES, INC., *et al.*, Defendants-Appellees.—RAVALEE WILKERSON, Indiv. and as Special Adm'r for the Estate of Frank E. Wilkerson, Deceased, Plaintiff-Appellant, v. ARMSTRONG WORLD INDUSTRIES, INC., *et al.*, Defendants-Appellees.

Fourth District Nos. 4—90—0340, 4—90—0341 cons.

Opinion filed May 2, 1991.—Rehearing denied June 20, 1991.

James Walker, Ltd., of Bloomington, for appellants.

Bret S. Babcock, of Peoria, for appellee W.R. Grace & Company.

Margaret S. Garvey, Steven M. Hartmann, and Richard T. Sikes, all of Freeborn & Peters, of Chicago, for appellee Manville Corporation.

James R. Carter and Cathy A. Stephens, both of Hafele, Thiemann & Carter, of Peoria, for appellee Sprinkmann Sons Corporation.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiffs Marjorie Kozak and Ravalee Wilkerson appeal from the orders of the circuit court of McLean County dismissing their complaints for failure to state a cause of action. We affirm.

On May 17, 1988, plaintiff Kozak filed a six-count complaint against multiple defendants, alleging that her deceased husband contracted asbestosis and cancer as a result of exposure to asbestos dust from the defendants' products. Defendants Sprinkmann Sons Corporation of Illinois (Sprinkmann) and W.R. Grace & Company (Grace) moved to dismiss plaintiff's complaint for failure to state a cause of action. The trial court granted both motions, dismissed the complaint as to Grace and Sprinkmann, and granted plaintiff leave to replead.

Plaintiff subsequently filed counts VII through XIV, which named Sprinkmann, Grace, and Manville Corporation Asbestos Disease Compensation Fund (Manville) as defendants. In counts VII through X, plaintiff sought recovery for wrongful death in her capacity as special administrator for the estate of her deceased husband. These are based upon theories of products liability, wilful and wanton misconduct, and conspiracy, respectively. With the exception of count X, which alleges conspiracy, all counts contain the following averments:

"1. George W. Kozak, Sr., Decedent, worked in the construction industry from 1946 into 1982.

2. Defendants, W. R. GRACE & CO., MANVILLE CORP. ASBESTOS DISEASE COMPENSATION FUND, and SPRINKMANN SONS CORP. OF ILLINOIS, or their corporate predecessors, were in the business of manufacturing products containing asbestos for use in the construction industry.

3. Hereafter 'Defendant' refers to each of the parties named in Paragraph 2.

4. Defendant manufactured and sold, including sales into Illinois, asbestos containing products, including pipe covering containing asbestos, block insulation containing asbestos, asbestos packing, cloth containing asbestos, and asbestos cement, for use in the construction industry in Illinois.

5. Defendant's products gave off asbestos dust when used in the construction industry in Illinois.

6. George W. Kozak, Sr. was exposed to asbestos dust given off by Defendant's products during his employment in the construction industry in Illinois.

7. Asbestosis and cancer are caused by exposure to asbestos.

8. George W. Kozak, Sr. contracted lung cancer as a result of being exposed to asbestos dust from Defendant's products.

9. The lung cancer which killed George W. Kozak, Sr. was one indivisible injury and disease which resulted from the total and cumulative effect of all the asbestos to which he was exposed."

Counts XI through XIV advance the same legal theories as counts VII through X, and also contain the foregoing averments. In these counts, however, plaintiff substituted herself individually as plaintiff and sought recovery for "injury to her husband/wife relationship," medical care, and funeral expenses.

Sprinkmann, Grace, and Manville moved to dismiss counts VII through XIV with prejudice. On April 13, 1990, the trial court entered an order granting the motions of Sprinkmann and Grace. The trial court found that products liability counts VII and XI were essentially the same as counts I and IV, which were previously dismissed by the trial court for failure to identify the product produced or sold by each defendant, and for failure to state when and where the exposure took place. Counts VIII and XII, which alleged wilful and wanton misconduct, were dismissed because the conduct alleged in these counts was no more egregious than that alleged in negligence counts IX and XIII.

The court found that counts IX and XIII failed to properly charge the defendants for the reasons previously found with reference to counts III and VI. Counts III and VI were previously dismissed because the plaintiff failed to allege that "the Defendant had a duty to warn users of its material and that duty must relate to the type of product being manufactured or supplied by this Defendant and that those exposed to the product would not be knowledgeable concerning the character of the product being used."

The trial court filed a separate order on May 2, 1990, dismissing counts VII through XIV against Manville. The court found that counts VII, VIII, IX, XI, XII, and XIII "fail to identify the product produced or sold by a Johns-Manville entity to which plaintiff's decedent was allegedly exposed, and when and where the plaintiff's decedent was exposed to any Johns-Manville product." Plaintiff Kozak appeals from the dismissal·of counts VII, VIII, IX, XI, and XII, and does not contest the dismissal of conspiracy counts X and XIV.

On October 11, 1988, plaintiff Wilkerson filed a 12-count complaint against multiple defendants, alleging that her deceased husband contracted lung cancer as a result of exposure to asbestos dust from defendants' products. Defendants Sprinkmann and Grace moved to dismiss plaintiff's complaint for failure to state a cause of action. The trial court granted both motions, dismissed the complaint as to Sprinkmann and Grace, and granted plaintiff leave to replead.

On September 29, 1989, plaintiff filed amended counts IV, VIII, and XII and additional counts XIII through XXI naming Sprinkmann, Grace, and Manville as defendants. Counts XIII through XXI, which are based upon theories of products liability, wilful and wanton misconduct, and negligence, contain the following averments:

"1. Frank E. Wilkerson, Decedent, worked in the construction industry from 1966 until he was totally disabled in April, 1987.

2. Defendants, W. R. GRACE & CO., MANVILLE CORP. ASBESTOS DISEASE COMPENSATION FUND, and SPRINKMANN SONS CORP. OF ILLINOIS, or their corporate predecessors, were in the business of manufacturing products containing asbestos for use in the construction industry.

3. Hereafter 'Defendant' refers to each of the parties named in Paragraph 2.

4. Defendant manufactured and sold, including sales into Illinois, asbestos containing products, including pipe covering containing asbestos, block insulation containing asbestos, asbes-

tos packing, cloth containing asbestos, and asbestos cement, for use in the construction industry in Illinois.

5. Defendant's products gave off asbestos dust when used in the construction industry in Illinois.

6. Frank E. Wilkerson was exposed to asbestos dust given off by Defendant's products during his employment in the construction industry in Illinois.

7. Asbestosis and cancer are caused by exposure to asbestos.

8. Frank E. Wilkerson contracted lung cancer as a result of being exposed to asbestos dust from Defendant's products.

9. The lung cancer which killed Frank E. Wilkerson was one indivisible injury and disease which resulted from the total and cumulative effect of all the asbestos to which he was exposed."

Sprinkmann moved to dismiss counts XIII through XXI for failure to state a cause of action. Grace and Manville moved to dismiss counts IV, VIII, and XII, as well as counts XIII through XXI. The trial court granted the motions of all three defendants, citing defects in plaintiff's pleadings identical to those cited in the trial court's orders dismissing the complaints of Kozak. Plaintiff Wilkerson now appeals from the dismissal of counts XIII through XXI, and does not contest the dismissal of counts IV, VIII, and XII, which allege conspiracy.

On August 15, 1990, this court granted Sprinkmann's motion to consolidate the appeals of Kozak and Wilkerson.

On appeal, plaintiffs contend that the trial court erred in dismissing their complaints because there is no requirement that a plaintiff plead the trade name of a defendant's asbestos-containing product.

In *Costello v. Unarco Industries, Inc.* (1984), 129 Ill. App. 3d 736, 473 N.E.2d 96, *rev'd on other grounds* (1986), 111 Ill. 2d 476, 490 N.E.2d 675, plaintiff filed a multicount complaint sounding in negligence and products liability against a number of asbestos and asbestos-product suppliers. In affirming the trial court's dismissal of plaintiff's complaint, this court cited several defects in the pleadings, including the following:

"The second flaw in plaintiff's complaint stems from the use of boiler-plate pleading paragraphs. In count I of plaintiff's second amended complaint, paragraphs 3 through 11 each identically alleged that nine different defendants were corporations in McLean County, which were 'during the time relevant to the allegations herein in the business of distributing asbestos.' 'As-

bestos' is previously defined as asbestos fiber and products containing asbestos in the complaint.

We view these allegations as insufficient in that they fail to apprise the defendants of both the injury-producing product and the place in the chain of production of the products which they were alleged to have occupied." (*Costello*, 129 Ill. App. 3d at 744, 473 N.E.2d at 102.)

Plaintiffs' complaints are similarly insufficient. We recognize that the complaints at issue in this case do more than simply allege that defendants manufactured and sold asbestos-containing products. Plaintiffs provide additional detail by listing the generic names of some of the products manufactured and sold by defendants "for use in the construction industry" which allegedly contributed to the plaintiffs' decedents' injuries. These complaints are no more successful in apprising the defendants of the injury-producing product or products than the complaint at issue in *Costello*.

Plaintiffs argue that their complaints provide far more product information than was contained in a complaint which the Illinois Supreme Court "found sufficient" in *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 546 N.E.2d 580. In *Board of Education*, 34 school districts filed complaints seeking to recover the removal and repair costs of asbestos-containing material in their buildings from numerous defendants who were involved in the manufacture or distribution of such materials. The trial court granted the defendants' motion to dismiss each of the 13 causes of action alleged in the plaintiffs' complaints. The appellate court reversed the trial court's dismissal of several counts, including those based on strict liability and negligence. In addition to other issues, the Illinois Supreme Court addressed the sufficiency of the plaintiffs' negligence and products-liability complaints. The court reasoned that "[t]he linchpin for both of these causes is whether the complaints sufficiently allege that asbestos has caused damage to other property or injury to persons so as to fall within a tort claim, as opposed to a contract cause of action." (*Board of Education*, 131 Ill. 2d at 439, 546 N.E.2d at 585.) The court concluded that the complaint alleged sufficient facts to establish a tort action. *Board of Education*, 131 Ill. 2d at 445, 546 N.E.2d at 588.

The *Board of Education* court did not address the adequacy of the product identification set forth in the plaintiffs' complaints. Further, there is nothing in the appellate or supreme court opinions to suggest that the complaints were ever challenged on this basis. Hence, *Board of Education* provides no guidance in evaluating the sufficiency of the complaints in this case.

■■ ■ Under the fact-pleading requirements of Illinois, plaintiffs' vague, generic, and incomplete description of the alleged injury-producing products fails to provide an adequate factual foundation for all counts at issue in this appeal. The fact-pleading requirements of Illinois require a complaint to apprise a defendant of sufficient facts upon which to base a defense. (*Costello*, 129 Ill. App. 3d at 744-45, 473 N.E.2d at 102.) The present pleadings are more in the nature of notice pleadings, and they are examples of why we should not adopt such pleadings. Assume a defendant supplied an asbestos product to the construction industry of Illinois. How can that defendant ascertain whether its product came into contact with one or more of the plaintiffs? Evidently plaintiff does not have that knowledge or it could have been pleaded. Basically, what defendant is being requested to do is to check every sale made in Illinois, then trace the chain of use and determine from the final user's records (if any records still exist) whether plaintiff or plaintiff's decedent worked with the product.

The social issue, that of compensating those injured by asbestos, does not justify this massive, if not impossible, task being placed on defendants. If pleadings like those used in the present cause are allowed to stand, massive attorney fees and investigation expenses are going to be required before defendants will be able to answer a complaint. Most likely the end result will be a dismissal, summary judgment, or a settlement forced on defendants by the anticipated costs of defense. Our system of pleading is structured to alleviate, at least to some extent, this waste of time and money. Extorting settlements by burdening defendants with massive litigation expenses is no more part of our system of justice than depriving injured parties of rightful compensation. The trial court's dismissal of all counts is affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.