JOHN WEBBER, Guardian of Robert Webber, Plaintiff-Appellant, v. ARMSTRONG WORLD INDUSTRIES, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—92—0055

Opinion filed September 30, 1992.—Rehearing denied November 16, 1992.

James Walker, Ltd., of Bloomington, for appellant.

Bret S. Babcock, of Peoria, for appellee W.R. Grace & Co.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, for other appellees.

JUSTICE LUND delivered the opinion of the court:

There are two issues which arise in this appeal as a result of summary judgment having been entered against plaintiff in this asbestos injury case: (1) whether the movant in a summary judgment motion can prove the absence of a genuine issue of material fact by demonstrating that a nonmovant cannot prove an essential element of his case at trial; and (2) whether the Jones affidavit created a genuine issue of material fact.

Our answer is affirmative as to issue (1) and negative as to issue (2). In so deciding, we affirm the trial court's entry of summary judgment.

On December 20, 1991, the circuit court of McLean County entered an order granting summary judgment in favor of the defendants, Armstrong World Industries, Inc. (Armstrong), GAF Corpora-

tion (GAF), National Gypsum Company (National Gypsum), and W.R. Grace & Company (Grace). The trial court held that the plaintiff John Webber (John), as guardian for Robert Webber (Robert), did not establish that he would be able to prove an essential element of his case at trial, *i.e.*, identification of defendants' products as causing the injury to Robert. Therefore defendants were entitled to judgment as a matter of law. Plaintiff appeals, contending the trial court erred in granting summary judgment in favor of the defendants because (1) the trial court's holding impermissibly shifts the burden of persuasion on the nonmovant in a summary judgment motion; and (2) the affidavit of Mike Jones creates a genuine issue of material fact.

On December 30, 1988, Robert filed a multicount complaint against numerous defendants, including Armstrong, GAF, National Gypsum, and Grace, seeking damages for personal injury incurred as a result of his exposure to defendants' asbestos products. Robert claimed to have contracted asbestosis as a result of exposure to asbestos while working as a boilermaker in the construction industry from 1946 through 1984. During the course of the proceedings, Robert developed Alzheimer's disease and on April 5, 1991, John was appointed Robert's guardian for the purpose of prosecuting this action.

On September 13, 1991, defendants Armstrong, GAF, and National Gypsum filed a motion for summary judgment with no evidentiary materials attached thereto. Defendants' motion stated Robert, who suffers from Alzheimer's disease, could not identify (1) any particular asbestos product he worked with or around, (2) any specific jobsite, and (3) the manufacturer of any asbestos-containing products which he may have worked with or around at any jobsite. Defendants requested that summary judgment be granted because plaintiff had failed to come forward with evidence of exposure to their products.

On September 19, 1991, defendant Grace moved for summary judgment, adopting the argument portion of the motion for summary judgment of September 13, 1991, filed by Armstrong, GAF, and National Gypsum. Grace maintained that neither Robert nor John could identify any asbestos-containing product to which Robert had been exposed. Attached to Grace's motion were excerpts from the depositions of Robert and John. Excerpts of Robert's deposition contained the following statements: (1) Robert could not identify specific trade names of asbestos he had worked with; he only knew the products as "asbestos"; (2) at every site where he worked, he worked around asbestos-containing products; and (3) he could not remember the manufacturer of any particular asbestos-containing product that he used or he worked around at any particular jobsite. Excerpts of John's deposi-

tions state that (1) of all Robert's co-workers, John had only spoken with Joe Reed and had not discussed the lawsuit with him; (2) John had no personal knowledge about manufacturers of asbestos-containing products that Robert may have worked with; and (3) John knew of no other source of information that showed Robert had worked with a specific manufacturer's asbestos product.

On October 23, 1991, the hearing was held on the defendants' motion for summary judgment. On that date, plaintiff filed the affidavit of Mike Jones, a co-worker of Robert, which states:

"Mike Jones, being duly sworn upon his oath, states as follows:

1. He is a resident of Pekin, Illinois.

2. During the course of his occupational career, he had occasion to work on repeated occasions with Robert Webber, prior to Robert Webber's retirement.

3. On repeated occasions he was employed at the same job site as Robert Webber, including job sites in Indiana, where insulation work was done in connection with boilers and pipes.

4. Affiant recalls Robert Webber being present when affiant, Webber, and others, used products containing asbestos from the following manufacturers: [Celotex Corporation; Armstrong Cork; Eagle-Picher; Fibrebrand Corp.; Owens-Corning Fiberglass; Keene Corp.; Owens-Illinois; Pittsburg-Corning Corp.; GAF Corp.; W. R. Grace; and National Gypsum. (Defendants' names handwritten in on lines provided.)]

5. When the products containing asbestos of each of the manufacturers named in paragraph 4 were used, either directly by Webber, affiant, or others in the vicinity where affiant and Webber were working, dust was given off into the atmosphere, including the atmosphere where Robert Webber was employed."

During the hearing on the motion for summary judgment on October 23, 1991, defendants orally moved to strike the Jones affidavit. Basis for the motion to strike is not clear, although it appears to be a similar basis as complained of on appeal, i.e., Jones does not specify what products he is talking about, how he knows the products contain asbestos, how he knew who manufactured the product, and how he knew Robert inhaled any asbestos.

The trial court, citing Kozak v. Armstrong World Industries, Inc. (1991), 213 Ill. App. 3d 1061, 572 N.E.2d 279, stated that it felt the Jones affidavit was insufficient as to certain specifics, i.e., identifying products with particularity, place of exposure, time of exposure, to

provide the kind of evidence needed by a plaintiff in an asbestos case. Therefore, the trial judge gave the plaintiff an option:

"I'm going to give you the opportunity to go out and depose Mike Jones and present his deposition in opposition to the motion for summary judgment, or you can stand on the *** affidavit, in which case, I'm going to grant the motion for summary judgment."

Principal counsel for plaintiff was not present on that day and substitute counsel did not wish to make the decision, so the trial judge took the matter under advisement. The docket entry for that day indicates the motion to strike was denied.

On December 20, 1991, a hearing was again held on the motion for summary judgment. At that time, plaintiff indicated he would not depose Jones because he believed the affidavit was sufficient to defeat the defendants' motions for summary judgment. The trial court entered summary judgment in favor of the defendants, stating:

"[T]he affidavit is not sufficiently particular to identify specific products at specific job sites, and *** therefore, I am going to find that there is no genuine issue of material fact, and that there is an inherent weakness in the Plaintiff's case, that being an inability to particularly identify products to particular job sites as required in *Kozak* ***."

The order of summary judgment dated December 20, 1991, contains a Rule 304(a) (134 Ill. 2d R. 304(a)) finding that there is no just reason to delay enforcement or appeal.

### I. Whether The Movant In A Summary Judgment Motion Can Prove The Absence Of A Genuine Issue Of Material Fact By Demonstrating That A Nonmovant Cannot Prove An Essential Element Of His Case At Trial

In the present case, the basis for the summary judgment is not the absence of a question of fact necessary for plaintiff to prove his case, but the inability of the plaintiff, because of his mental incapacity, to specifically link himself to use of a specific defendant's product. For purposes of the summary judgment motion, there appears to be no doubt Robert worked with (and where) asbestos was involved, and that he was injured by asbestos entering his lungs. However, the specific manufacturers and suppliers on various jobs cannot be identified. Plaintiff contends the trial court, in granting summary judgment, impermissibly shifted the burden of proof to the nonmovant by forcing plaintiff to prove with particularity that Robert was exposed to

defendants' products, despite the lack of an affirmative showing by defendants that Robert had not been exposed to the defendants' products.

Generally, the purpose of summary judgment is to determine whether a genuine issue of material fact exists. (*Kobus v. Formfit Co.* (1966), 35 Ill. 2d 533, 538, 221 N.E.2d 633, 635.) A motion for summary judgment should only be granted when:

> "[T]he pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).)

(See also *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) In deciding whether to grant summary judgment, a court shall construe the pleadings, affidavits, depositions, admissions, and exhibits strictly against the movant and liberally in favor of the opponent. In reviewing a trial court's ruling on a motion for summary judgment, the appellate court should consider anew the facts and law related to the case to determine whether the trial court was correct. *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 824, 585 N.E.2d 1164, 1167.

■ In deciding whether summary judgment can be granted when defendant points out plaintiff cannot prove a necessary element of his case, we consider the purpose of summary judgment and the discovery processes available. Section 2—1005(c) of the Code of Civil Procedure (Code) mandates judgment be rendered if it is established there is "no genuine issue as to any material fact." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) Of course, the present defendants cannot be held liable if plaintiff cannot establish Robert's injury was caused by their specific products.

■ Section 2—1003 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—1003) and Supreme Court Rules 201 through 224 (134 Ill. 2d Rules 201 through 224) provide liberal discovery to all parties. The discovery may indicate conduct by defendants requiring a finding of liability. The discovery may establish that plaintiff does not have evidence of all the necessary elements of his case. Is there not an uncalled-for limitation on the benefit of discovery if, upon ascertaining that he cannot prove his case, plaintiff can escape summary judgment on the theory that he, the nonmovant, does not have any burden with respect to the motion for summary judgment?

■ To successfully pursue a summary judgment in a case such as this, a defendant has the initial burden of establishing a negative—

that plaintiff cannot prove an essential element of his or her case. In a product liability action, plaintiffs must identify the manufacturer of the product and establish a causal relationship between the injury and the product. (*Schmidt v. Archer Iron Works, Inc.* (1970), 44 Ill. 2d 401, 405-06, 256 N.E.2d 6, 8; *Zimmer v. Celotex Corp.* (1989), 192 Ill. App. 3d 1088, 1091, 549 N.E.2d 881, 883.) We conclude a defendant can obtain a summary judgment by establishing plaintiff cannot prove a necessary element of plaintiff's case. See *Estate of Henderson v. W.R. Grace Co.* (1989), 185 Ill. App. 3d 523, 529, 541 N.E.2d 805, 808; *Zimmer*, 192 Ill. App. 3d at 1091, 549 N.E.2d at 884; *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323-26, 91 L. Ed. 2d 265, 274-76, 106 S. Ct. 2548, 2553-54; *Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 605, 456 N.E.2d 958, 961.

## II. WHETHER THE JONES AFFIDAVIT CREATED A GENUINE ISSUE OF MATERIAL FACT

The appellate court in *Zimmer* also refused to permit an inference of exposure to defendants' products and stated as follows:

> "[S]ummary judgment is appropriate where the plaintiff has failed to present evidence of exposure to a particular defendant's product. If such a case were sent to a jury, the verdict would necessarily be based upon mere speculation, guess or conjecture." *Zimmer*, 192 Ill. App. 3d at 1092, 549 N.E.2d at 884.

We assume the Jones affidavit was filed for the purpose of establishing that Robert was exposed to the products of particular defendants. If it was filed only to establish that he worked with asbestos in the construction industry and that defendants furnished asbestos to the construction industry, then it should have been stricken. See *Kozak*, 213 Ill. App. 3d at 1067, 572 N.E.2d at 282.

Defendants contend the affidavit is insufficient under Supreme Court Rule 191 (134 Ill. 2d R. 191) and should have been stricken by the trial court. They further contend the rationale of *Kozak* requires that plaintiff have a specific factual basis to link defendants' products to Robert's injury.

Defendants' position is that the Jones affidavit does not contain a factual basis sufficiently specific, in that affiant does not state (1) when and where he made his observations; (2) the products of the manufacturers he attempts to implicate; (3) how he knew those companies listed were the manufacturers of the products; (4) how he knew the products contained asbestos; and (5) the basis of his expertise to determine the products worked with did contain asbestos.

■ Rule 191(a) provides:

"Affidavits in support of and in opposition to a motion for summary judgment under section 2—1005 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; *shall not consist of conclusions but of facts admissible in evidence*; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." (Emphasis added.) 134 Ill. 2d R. 191(a).

Affidavits offered in support of a motion for summary judgment must contain evidentiary facts, not conclusions, to which the affiant would be competent to testify at trial. (*Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 598, 491 N.E.2d 803, 813.) Of the assertions made in the Jones affidavit, the one most susceptible to attack as being conclusory is Jones' statement that he, Robert, and others worked with materials containing asbestos. Jones lays no foundation as to how he knew that he and Robert were working with materials containing asbestos. The other assertions contained in the affidavit, while lacking certain foundational requirements, do not appear to contain conclusions which would require that they be stricken under Rule 191. However, defendants claim these facts are required by the rationale underlying *Kozak*.

In deciding the sufficiency of the Jones affidavit, we consider the affidavit, the allegations of plaintiff's complaint, and our decision in *Kozak*. The following allegations of plaintiff's complaint applied to all the defendants now before our court:

"22. Hereafter, Defendant refers to each of the entities named in paragraphs 2 through 19 of this count.

23. Defendant manufactured and sold pipe covering containing asbestos, block insulation containing asbestos, asbestos packing, cloth containing asbestos, and asbestos cement for use in the construction industry.

24. Defendant's products gave off asbestos dust when used in the construction industry.

25. Robert Webber was exposed to asbestos dust given off by Defendant's products during his employment as a boilermaker.

26. Asbestosis and cancer are caused by exposure to asbestos.

27. Robert Webber contracted asbestosis as a result of being exposed to asbestos dust from Defendant's products.

28. Robert Webber is at increased risk of cancer as a result of being exposed to asbestos dust from Defendant's products.

29. The asbestosis which Robert Webber has contracted is one indivisible injury and disease.

30. The asbestosis which Robert Webber has contracted resulted from the total and cumulative effect of all the asbestos to which he was exposed."

The Jones affidavit did not provide specific places of employment where Robert was exposed to asbestos. The affidavit did not list specific sites where Robert and Jones were both employed. The affidavit did not provide defendants with any information regarding location of where their products were allegedly used.

In *Kozak*, we were considering the sufficiency of the pleadings. While we are now considering summary judgment, the same policy issues are involved. We stated:

"The present pleadings are more in the nature of notice pleadings, and they are examples of why we should not adopt such pleadings. Assume a defendant supplied an asbestos product to the construction industry of Illinois. How can that defendant ascertain whether its product came into contact with one or more of the plaintiffs? Evidently plaintiff does not have that knowledge or it could have been pleaded. Basically, what defendant is being requested to do is to check every sale made in Illinois, then trace the chain of use and determine from the final user's records (if any records still exist) where plaintiff or plaintiff's decedent worked with the product.

The social issue, that of compensating those injured by asbestos, does not justify this massive, if not impossible, task being placed on defendants." *Kozak*, 213 Ill. App. 3d at 1067, 572 N.E.2d at 282-83.

■■ In determining this case, whether summary judgment should be entered necessarily involves the allocation of the burden of proof. In most cases, the party who has the burden of pleading a fact will have the burden of producing evidence and persuading the jury of existence of the facts as well. (E. Cleary, McCormick on Evidence §337, at 948 (3d ed. 1984); *Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 899, 295 N.E.2d 28, 31; 18 Ill. L. & Prac. *Evidence* §21, at 62 (Supp. 1992).) We recognize that there are occasions where departures from normal treatment of the burden of producing evidence exist. M. Gra-

ham, Cleary & Graham's Handbook of Illinois Evidence §301.5, at 75-76 (5th ed. 1990).

Plaintiff would have us (because of the social issues which result from actions of manufacturers who, without warning, place a deadly material in the course of commerce) place the burden on those manufacturers of defending without knowing where, when, and if plaintiff was injured by their specific asbestos product. This we will not do.

In the normal asbestos case, *plaintiff* would best be able to describe where he or she was exposed to the asbestos danger. Knowing where the exposure took place would possibly provide plaintiff with the ability to discover the manufacturer of the offending product. Here, plaintiff's counsel is presented with difficulty because of Robert's mental impairment.

We hold that the facts in this case do not present an occasion where there should be a departure from the rule placing the burden of pleading on plaintiffs. Because the summary judgment proceedings indicate plaintiff will not be able to carry the necessary burden of proof, the entry of summary judgment was required.

Affirmed.

GREEN, P.J., and COOK, J., concur.