NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

Nos. 13-2087/2088/2090
————————

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)

LOUISE M. DOYLE, Special Administrator for the Estate of James Doyle,
Appellant (13-2087)

PAMELA F. LARWETH, Special Administrator for the Estate of Dennis N. Larweth,
Appellant (13-2088)

CLARISSA COLLINS, Special Administrator for the Estate of Arthur E. Collins,
Appellant (13-2090)

————————

Nos. 14-1235/1755/1756
————————

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)

CLARISSA COLLINS, Special Administrator for the Estate of Arthur E. Collins,
Appellant (14-1235)

PAMELA F. LARWETH, Individually and as Special Administrator for the Estate of
Dennis N. Larweth, Deceased,
Appellant (14-1755)

MARK DOYLE, Special Administrator for the Estate of James Doyle, Deceased,
Appellant (14-1756)

————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2-01-md-00875/2-08-cv-89845/89914/ & 2-10-cv-64567)
District Judge: Honorable Eduardo C. Robreno
————————

Argued April 14, 2015

Before: AMBRO, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>

(Opinion filed: May 11, 2015)

Robert G. McCoy, Esquire   (Argued)
Allen D. Vaughn, Esquire
Michael P. Cascino, Esquire
Cascino Vaughn Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL   60607

     Counsel for Appellants

Michael W. Drumke, Esquire   (Argued)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL   60611-3604

     Counsel for Appellee
     Georgia Pacific LLC, fka Georgia Pacific Corp.

Brian O. Watson, Esquire
Schiff Hardin
233 South Wacker Drive, Suite 6600
Chicago, IL 60606

     Counsel for Appellee
     Owens Illinois Corp.

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

In these consolidated appeals, Arthur Collins, Dennis Larweth, and James Doyle[1] (collectively "Plaintiffs") challenge the District Court's grant of partial summary judgment in favor of defendant Georgia-Pacific LLC ("GP"). For the following reasons, we vacate and remand.

**I.**

Each Plaintiff, represented by Cascino Vaughan Law Offices, Ltd., brought suit either in the Northern or Southern District of Illinois in the late 1990s alleging he had been diagnosed with non-malignant disease caused by asbestos exposure.[2] Shortly thereafter, the Judicial Panel on Multidistrict Litigation transferred their cases to the Eastern District of Pennsylvania, where they were consolidated for pretrial purposes as part of MDL 875. Thereafter, Plaintiffs were diagnosed with lung cancer.[3]

To streamline the MDL docket, the District Court issued Administrative Order No. 12 ("AO 12") in May 2007 and Amended Administrative Order No. 12 ("AAO 12") in August 2009. Among other things, these orders required Plaintiffs to disclose the medical diagnoses supporting their claims by submitting copies of the medical reports or

---

[1] Collins and Doyle have since died, and special administrators for their estates have replaced them as parties to these actions. For the sake of simplicity, however, we use the initial Plaintiffs' names throughout.

[2] Collins alleged he had asbestos-related pleural disease, Doyle asbestosis, and Larweth pleural thickening.

[3] Collins and Doyle were diagnosed with small-cell carcinoma of the lung in January 2004 and June 2007, respectively, and died from their malignancies in April 2005 and November 2008, respectively. Larweth's diagnosis of non-small cell carcinoma of the lung was in April 2004.

opinions on which their claims relied into a centralized document repository, which they did (though later than two years after their cancer diagnoses). Although these so-called "AO 12 filings"—along with Plaintiffs' standard interrogatory responses—disclosed their lung-cancer diagnoses, they never moved to supplement their complaints to include malignancy claims.

In April 2012 Magistrate Judge Strawbridge issued a scheduling order governing Plaintiffs' cases. The order provided for fact discovery to be completed by July 2012 and dispositive motions to be filed by October 2012. Before the court-ordered deadline, GP moved for partial summary judgment seeking to bar Plaintiffs from recovering for lung cancer. GP argued that they had disclosed their cancer diagnoses during discovery but had never filed new, supplemental or amended complaints to include claims for lung cancer. According to GP, these claims were now barred under Illinois's two-year statute of limitations, as over two years had passed since Plaintiffs' diagnoses. Although they disputed defendants' contention that new allegations were required, Plaintiffs argued in the alternative that the District Court should allow them to file amended complaints because their interrogatory responses and AO 12 filings put GP on notice of these potential claims during discovery.

Ruling in favor of GP, the District Court held (1) Plaintiffs were required to bring claims for lung cancer separately from their non-malignancy claims, and (2) because "motion[s] to amend w[ere] not brought until the summary judgment phase of the case[s] (i.e., after the Court ordered deadline for amendments passed)," Plaintiffs were required to "demonstrate good cause for the amendment" under Federal Rule of Civil Procedure

4

16(b)(4), which they failed to do. When the District Court declined to certify its orders under Federal Rule of Civil Procedure 54(b), Plaintiffs moved to dismiss the non-malignancy claims voluntarily under Federal Rule of Civil Procedure 41(b)(2) to allow for immediate appeals. The District Court granted their unopposed motions and dismissed the remaining claims without prejudice.

**II.**

Before proceeding to the merits, we pause to consider whether we have jurisdiction. Generally, parties may appeal only a final order, which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *see also* 28 U.S.C. § 1291. The District Court's orders barring Plaintiffs' lung-cancer claims were not final because their non-malignancy claims remained pending. Moreover, while the District Court later dismissed their remaining non-malignancy claims, it did so without prejudice. "Ordinarily, an order dismissing a complaint without prejudice is not a final and appealable order." *See Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005).

While generally plaintiffs may not appeal from non-final orders, a party's stated intention to "abandon[]" a claim dismissed without prejudice removes the "impediment to the exercise of our appellate jurisdiction." *Melo v. Hafer*, 912 F.2d 628, 633 n.2 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991); *see also Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1155 (3d Cir. 1986) ("[I]t would be anomalous to hold that a plaintiff had no right to appeal the dismissal of all but one of his claims after that one claim not initially

5

dismissed[] had thereafter been voluntarily and finally abandoned."). Plaintiffs here have represented to the Court that they have "decid[ed] . . . to abandon the nonmalignan[cy] claims" and have "declare[d their] intention to refrain from reinstating [those] claim[s]." We interpret these statements as their voluntary and final abandonment of these claims, and therefore we have jurisdiction.[4]

### III.

On appeal Plaintiffs argue the District Court erred in holding they were required to bring separate claims for lung cancer. Specifically, they assert that, even though each asbestos-related disease is a separate cause of action, Illinois law does not require them to plead each disease separately, and regardless, their AO 12 disclosures obviated the need to supplement their complaints.[5]

We disagree. Because pleading rules are procedural in nature, "the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." *Various Plaintiffs v. Various Defendants (Oil Field Cases)*, 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009). Federal Rule of Civil Procedure 8(a) requires a

---

[4] GP initially filed motions to dismiss the appeals before Plaintiffs' representations to the Court that they have abandoned all remaining claims. Given this development, we dismiss as moot all pending motions to dismiss for lack of jurisdiction.

[5] We note that although Plaintiffs moved to amend their complaints under Federal Rule of Civil Procedure 15(a), their motions are more appropriately classified as those seeking to file supplemental complaints under Rule 15(d). Unlike an amended complaint, which includes matters that occurred before the filing of the initial pleading, a supplemental complaint sets forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). This distinction is largely one of semantics, however, as the relevant standards set forth in Rules 15(a) and 15(d) are the same. *See, e.g.*, *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996); *Harris v. Garner*, 216 F.3d 970, 988 n.6 (11th Cir. 2000).

plaintiff to allege sufficient facts to put the defendant on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544 (2007). We must look to state law, however, to define "what the . . . claim is."

As the District Court recognized, Illinois is a "two disease" state, meaning that each asbestos-related disease gives rise to a cause of action with a separate statute-of-limitations period. *See VaSalle v. Celotex Corp.*, 515 N.E.2d 684 (Ill. App. Ct. 1987). Taken together, federal procedural law and Illinois substantive law thus required Plaintiffs to plead sufficient facts to support their lung-cancer claims separately from their nonmalignancy claims.

Here, the first-filed complaints only include claims for nonmalignant diseases—namely, asbestos-related pleural disease (Collins), asbestosis (Doyle), and pleural thickening (Larweth)—and contain no factual content from which GP could infer Plaintiffs were also seeking recovery for lung cancer. As a matter of common sense, a complaint cannot give a defendant fair notice of a lung-cancer claim absent any mention of that disease. *Cf. Costello v. Unarco Indus., Inc.*, 473 N.E.2d 96, 102 (Ill. App. Ct. 1984) ("A defendant in an asbestos case surely has a right to know, in advance of discovery, what health problems have been caused by his alleged negligent behavior. The failure to allege the specific disease, or alternative diseases if the plaintiff is actually uncertain, seems to us to be a minimum requirement of pleading."), *rev'd on other grounds*, 490 N.E.2d 675 (Ill. 1986). Accordingly, the District Court correctly held that Plaintiffs' initial complaints did not include claims for lung cancer.

Moreover, we agree with the District Court that nothing in its administrative

7

orders replaces these pleading requirements with court-ordered discovery obligations. Indeed, Doyle and Larweth were diagnosed approximately three years before AO 12 was even issued. Given the two-year statute of limitations for asbestos-related lung-cancer claims, Plaintiffs' counsel cannot credibly explain their failure to file supplemental complaints by claiming Plaintiffs' AO 12 filings relieved them of their obligation to do so. Accordingly, we defer to the District Court's reasonable interpretation of its orders as they apply to these Plaintiffs. *See In re Asbestos Prods. Liability Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) ("We review a district court's interpretation of its own orders with deference, particularly in the MDL context.").

## IV.

Although we reject Plaintiffs' argument that they were not required to plead their lung-cancer claims, we agree with them that the District Court should not have applied Federal Rule of Civil Procedure 16(b)(4) to deny their requests to add claims for lung cancer. That Rule, which provides that "[a] schedule may be modified only for good cause and with the judge's consent," applies where the district court's scheduling order includes an explicit deadline for filing supplemental pleadings. Because the governing scheduling order here includes no pleading deadline, the District Court should have applied the more lenient standard in Rule 15(d). *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). We indicate no view on whether Plaintiffs are entitled to amend or supplement, but vacate and "remand for the District

8

Court to rule in the first instance on whether th[e correct] standard [for filing supplemental pleadings] is met." *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000).

Finally, we briefly address GP's argument that it would be futile to allow Plaintiffs to file supplemental pleadings because their lung-cancer claims are time-barred under Illinois's two-year statute of limitations. It may become unnecessary to decide this issue if the District Court determines Plaintiffs have not otherwise met the standard in Rule 15(d).[6] Moreover, the issue of relation back is often "fact-intensive and [best] addressed by the district court in the first instance." *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 966 (11th Cir. 2001) (*en banc*). We thus leave it to the District Court to rule on this argument if the issue becomes ripe.

\*    \*    \*    \*    \*

For these reasons, we vacate the orders of the District Court barring Plaintiffs' lung-cancer claims and remand for it to rule in the first instance on whether the correct standard for filing supplemental complaints is met.

---

[6] Although Federal Rule of Civil Procedure 15(c) only addresses the relation back of amended pleadings, courts by and large have either "held that for purposes of applying the relation-back doctrine a supplemental pleading may be treated as an amended pleading under Rule 15(c)" or "have applied the relation-back principle directly to supplemental pleadings even though Rule 15(d) does not mention it." Charles Alan Wright et al., *Federal Practice & Procedure* § 1508 (3d ed. 2005); *see also F.D.I.C. v. Knostman*, 966 F.2d 1133, 1138 (7th Cir. 1992) ("The distinction between an amended pleading and a supplemental pleading is often disregarded for purposes of relation back under Rule 15(c)."). Thus, although we express no view on whether Plaintiffs' lung cancer claims would relate back to their initial complaints, we believe that a relation-back analysis under Rule 15(c) would govern the timeliness of their supplemental complaints should the District Court find the other requirements of Rule 15(d) satisfied.